Allread, J.
On February 5, 1910, Frank M. Allen brought the original action for damages for personal injuries alleged to have been caused by the negligence of the defendant, T. T. Smith, in operating his automobile. The accident complained of occurred upon the public highway, December 2, 1909. Plaintiff with a horse and buggy approached from one direction and defendant with his automo *285 bile from the opposite direction. Plaintiff’s horse took fright as the automobile passed, resulting in the upsetting of the buggy and the injury to plaintiff.
Before issues were joined by the pleadings, the case was taken to the supreme court, which reversed the judgments of the lower courts and remanded the case for trial, accompanying its decision with the opinion appearing in 84 Ohio St., 283.
The negligence charged against the driver of the automobile, briefly stated, consisted of:
1. Speed in excess of 20 miles per hour.
2. Failure to give two-thirds of the road.
3. Excessive speed and failure to use due care under the circumstances.
The answer contained a denial of negligence and a charge of contributory negligence.
The case was tried to the court and jury, resulting in a verdict and judgment for the defendant.
A motion for a new trial having been overruled, a bill of exceptions was taken and the case brought to this court upon petition in error.
The trial court, in the general charge, gave the following:
“While the driving of an automobile at a greater rate of speed than 20 miles an hour is in violation of the statute of this state and would subject the offender t© criminal prosecution, still driving above the prescribed rate of speed is not negligence of such character as of itself to create a liability in damages; proof of driving a motor vehicle at a greater rate of speed than allowed by statute is competent to be considered by the jury in connection with all the other proofs as tending to show *286 negligence. So that if you find from the evidence that at and immediately before the instant of passing Allen’s vehicle, Smith was driving in excess of the statutory rate of speed, you should consider and give the fact such weight toward establishing the charge of negligence against Smith, as you deem it entitled to in view of all the testimony in the case.”
This instruction is erroneous in view of the recent case of Schell v. DuBois, Admr., 94 Ohio St, 93.
The violation of the statutory regulation as to speed is now considered negligence per se, and it only remained for the plaintiff to prove that such negligence was the proximate cause of the injury.
The court further charged the jury as follows:
“It was the duty of the defendant on meeting plaintiff to turn his automobile to his — defendant’s —right of the center line of the road, that is, in the direction of and towards the westerly side of said road so as to afford the plaintiff sufficient passageway for plaintiff’s horse and buggy if he could do so with safety to himself and the others then traveling with him.”
This may be considered in connection with special charge No. 4, to the same effect, given before argument.
Section 3490, Revised Statutes, provides:
“All persons driving carriages or vehicles of any description on any public turnpike, road or highway of this state, shall, on meeting carriages or vehicles of any description keep to the right so as to leave half of the road free, and all persons riding on horseback, or on bicycle, tricycle, tandem bicycle, *287 locomobile, automobile, or motor vehicle, shall, on meeting carriages or vehicles of any description, keep to the right so as to leave two-thirds of the road free.”
The trial court evidently took the view that the concluding clause above quoted, requiring automobiles to give two-thirds of the road, was invalid, as the charge proceeds upon the theory that the driver of the automobile was required to give only one-half the road. Counsel for defendant in error defend the court’s charge upon the theory that it would be impracticable and impossible in many instances to give two-thirds of the road, and that the statute in that respect is for that reason invalid. We cannot, however, bring ourselves to that conclusion.
The control of the highways is largely legislative. Automobiles are of recent origin, and their use adds greatly to the dangers of travel. There is no such inherent right in the owner of an automobile to the unrestricted use of a highway as would prevent the legislature from requiring the user of an automobile in passing vehicles to give two-thirds of the road.
It is a matter of common knowledge that automobiles are generally driven at a higher speed than horse-drawn vehicles, and are more easily controlled.
The noise and appearance of the automobile being liable to frighten horses, it is important that the automobile be kept at a reasonable distance, so as to give the driver of the horse a better chance to pass in safety.
*288 It is urged, however, as the highways of the state are at some points so narrow as to interfere with the application and enforcement of the statute, that the law itself should be held invalid.
The court will, however, take judicial notice that the highways of the state are generally so constructed as to permit the enforcement of the statute.. The contention of counsel, that the entire act should be held void because at some places the roadway may be too narrow, could as reasonably be extended to a provision requiring the giving of half the road, and thus the law of the road would be left to the will and pleasure of the driver of the more powerful vehicle.
It is customary at points where the roadway is too narrow for safe passage of vehicles, or of a vehicle and an automobile, for the driver of one to slow down, and, if need be, stop, so as to' allow the other to pass over the narrow place. It is also customary in cases where there is a considerable' stretch of narrow road to adopt a somewhat similar method to facilitate the safe passage of both vehicles.
While it is probable that the strict letter of the statute could not be followed, and would not be enforced by the courts in a case where the roadway was too narrow to permit the rigid enforcement of the statute, yet we are clearly of the opinion that the statute requiring automobiles to give two-thirds of the road as against the driver of a vehicle should not be ignored or held invalid, but should be enforced in all cases where the width and condition of the. road make it practicable and safe.
*289 Mere inconvenience in the application and enforcement of a statute is not a sufficient reason for declaring it invalid. The wisdom and policy of a statute is for the legislature to determine, although the question of the inconvenience of its application may affect its construction. Moore v. Given, 39 Ohio St., 661.
There was evidence in the case at bar tending to show that the improved and usable roadway was in the neighborhood of 20 feet wide at the point where the plaintiff’s injuries were alleged to have occurred.
One-third of the roadway reserved to the use of the automobile would be six and two-thirds feet, which was ample under the evidence to allow for the safe passage of the automobile.
We think, under the circumstances, therefore, the trial court was not justified in ignoring the statute requiring the driver of the automobile to give two-thirds of the road.
There was evidence tending to prove that the defendant in passing the plaintiff’s vehicle failed to give two-thirds of the road, and on the contrary so kept the main part of the road as to crowd the plaintiff with his horse off the improved roadway, in such manner that the horse, frightened by the sudden and close passage of the automobile and the cloud of dust following the automobile, jumped sidewise into the ditch and overturned the buggy in which plaintiff was riding.
There was evidence introduced by plaintiff tending to prove that the plaintiff’s horse was gentle, thoroughly broken and used to automobiles. It *290 is claimed on behalf of plaintiff that the fright of the horse was due to the excessive speed of the defendant and the driving of his automobile so near to the horse that the plaintiff was unable to control the horse in the narrow portion of the roadway which the driver of the automobile had allowed him.
The petition having charged as a ground of negligence that the defendant failed to give two-thirds of the roadway, this issue should have been submitted to the jury under proper instructions.
. We think the court was also in error in instructing the jury, in substance, that the driver of the automobile was required to give only one-half of the roadway, “if he could do so with safety to himself and the others then traveling with him.” This instruction would give the driver and the occupants of the automobile a superior right of safety, even though the condition of danger might have been caused exclusively by the negligence of the driver of the automobile.
The driver and occupants of the automobile, and the driver of the vehicle, in the case at bar, had equal rights. The safety of the former could not be made a paramount consideration. The driver of the automobile must exercise reasonable care, not only for the benefit of the occupants of his own car but as well for the driver and occupants of other vehicles upon the roadway. We think that it was erroneous, therefore, to instruct the jury that the driver of the automobile was bound to give one-half the road only in case he could do so in safety to himself and the occupants of his car.
*291 It is contended on behalf of defendant in error that notwithstanding the errors in the charge, the judgment of the court of common pleas should be affirmed under Section 11364, General Code. We have carefully considered this contention. The evidence tending to prove negligence on the part of defendant was, in our judgment, sufficient to require the case to go to the jury upon that issue.
There is evidence tending to show contributory negligence upon the part of plaintiff. This evidence was not uncontradicted. Upon the contrary, there was a sharp conflict of evidence upon the subject of contributory negligence. We think that the case, both as to negligence and contributory negligence, should have been submitted to the jury, and was of such a nature that this court would not be justified in holding affirmatively that the substantial justice of the case was so clearly in favor of the defendant in error as to require an affirmance of the judgment notwithstanding the errors in the charge.
We find no other prejudicial errors except those specified. ■

Judgment reversed, and cause remanded for a new trial.

Ferneding and Runkle, JJ., concur.