CITY OF DAYTON, APPELLEE, *v.* SMITH, APPELLANT.

(No. 2502—Decided May 28, 1959.)

*Mr. James W. Drake,* for appellee.
*Mr. Mark F. Ware,* for appellant.

CRAWFORD, J. Defendant appeals on questions of law from a judgment rendered against him by the Dayton Municipal Court for $128.16 damages to a police cruiser.

It appears from the evidence that defendant's Plymouth convertible automobile was proceeding eastwardly, and a Ford police cruiser driven by Sergeant James F. Thomas, while on official business, was proceeding westwardly on Otterbein Avenue, on April 6, 1957, when the left front corners of the two vehicles collided.

A Nash automobile was parked along the south curb. The defendant was proceeding to pass to the north of this parked car. He said he stopped alongside it, and this statement is not denied.

Thomas testified that there was another car parked along the north curb of Otterbein Avenue, somewhat east of the Nash which was parked along the south curb, and that he had passed to the south of the car parked to the north and was returning toward the north side of the street when defendant emerged from behind the Nash, rendering it impossible for him to stop in time to avoid the collision.

The evidence establishes the width of Otterbein Avenue at

this point as 25 feet, 4 inches, and that it was impossible for two cars proceeding in opposite directions to pass each other if other cars were parked opposite each other on both sides of the street. It also indicates that it was highly improbable that a car could safely pass a parked car without proceeding to some extent across the center of the street.

Defendant and his witness, Larry C. Campbell, denied that there was any car parked along the north curb, and defendant said that he stopped because Thomas "angled" over toward him. The car claimed to have been parked along the north curb was never found or identified.

Defendant's first assignment of error is "that the trial court erred as a matter of law in denying defendant's motion to require plaintiff to make available to him the records of the investigation of the Dayton Police Department. Plaintiff through its counsel agreed to abide by the court's ruling, thereby doing away with the necessity of a *subpoena duces tecum*.

"Defendant moved to have these records available to him during the plaintiff's case for their use in cross-examining plaintiff's witnesses and for their possible use as evidence during his own case."

Defendant in support of this contention cites *In re Story*, 159 Ohio St., 144, 111 N. E. (2d), 385, 36 A. L. R. (2d), 1312, the syllabus of which reads:

"One, having custody and control of the records of a city police department made in the detection and prevention of crime, is not generally privileged from disclosing those records upon the taking of a deposition in a civil suit."

This broad language covers the present question. However, plaintiff here argues that inasmuch as the city itself is an interested party and the records had been turned over to its legal department, they are privileged.

The *Story case* arose out of a wrongful death action against two police officers of the city of Cleveland. The city was not a party. In holding the police reports not privileged, Judge Taft, speaking for the majority of the court, reasoned that there is a paramount public interest in discovering the truth in judicial

proceedings, and that this fundamental principle has been recognized by our Legislature in specifically providing certain exemptions and thereby expressing by inference an intention not to grant other privileges.

Judge Taft commented nevertheless that there had been some extension of such privilege. He said:

"It may be observed that this extension of a statutory privilege apparently originated in paragraph three of the syllabus in the controversial case of *Ex parte Schoepf*, 74 Ohio St., 1, 77 N. E., 276, 6 L. R. A. (N. S.), 325."

Where such privilege has been extended we find that involved were reports of inquiries and investigations made by or for a party to a legal controversy for his own use and benefit as distinguished from routine records and reports. *Ex parte Schoepf, supra; In re Klemann,* 132 Ohio St., 187, 5 N. E. (2d), 492, 108 A. L. R., 505; *In re Hyde,* 149 Ohio St., 407, 79 N. E. (2d), 224; *In re Keough,* 151 Ohio St., 307, 85 N. E. (2d), 550; *In re Shoup,* 154 Ohio St., 221, 94 N. E. (2d), 625.

Plaintiff argues that, where damage to a city's property is involved, a different kind of investigation is conducted. However, there is nothing in the record to indicate in what respect the investigation here differed from the usual routine.

If other and additional information had been gathered for purpose of trial or prosecution of the city's claim, of course the city should then be entitled to the same immunity with respect to such evidence as would any other litigant or claimant in a similar situation.

But in the absence of a showing that the records in question were other than routine, we see no justification for holding them to be privileged.

It may be appropriate to observe that the basis of the dissenting opinion by Chief Justice Weygandt in the *Story case* was that by denying the privilege with respect to such a report police officers would perform their duty at their peril. By reason of the fact that the police officer is not a party here, such objection is removed from our present case.

There was some comment in argument that the *Story case* was not binding here because it involved the taking of a dep-

osition. Evidence which a notary can require a witness to produce upon deposition can also be required, if relevant and admissible, by a court of record at the time of trial.

In deciding the present case the court was required to resolve direct conflicts in the testimony. In doing so, it passed upon the credibility of various witnesses. It rejected testimony of defendant's corroborating witness, Larry C. Campbell, and accepted that of plaintiff's witnesses. Hence defendant's right to use the report for purposes of cross-examination, as well as for consultation with his own witnesses, became especially important to him.

It should be observed that at the close of plaintiff's rebuttal the report, including statements of defendant, his corroborating witness, Larry C. Campbell, and Sergeant James F. Thomas, was by agreement admitted into evidence. However, when so admitted at that point, it no longer served the strategic purposes for which plaintiff had sought to use it.

Defendant's second assignment of error is that Thomas, the driver of plaintiff's vehicle, was guilty of negligence as a matter of law in driving to the left of the center of the street, so that the judgment in favor of the plaintiff was erroneous.

Under this assignment considerable attention is devoted to Sections 4511.25, 4511.26, 4511.29 and 4511.30, Revised Code.

Apparently in such a situation, involving a street 25 feet, 4 inches in width, applicable statutes must be interpreted in the light of necessity.

"It is customary at points where a roadway is too narrow for two automobiles or other vehicles to pass with safety, for a driver of a vehicle to slow down and, if necessary, to stop, so as to allow an approaching driver to pass over the narrow place. It is also customary, in cases where there is a considerable stretch of narrow road, to adopt a somewhat similar method to facilitate the safe passage of both vehicles." 6 Ohio Jurisprudence (2d), 486, Automobiles, Section 248, citing *Allen* v. *Smith*, 5 Ohio App., 284.

We cannot conclude in such a situation that the driver of the police cruiser was or was not negligent as a matter of law.

The third assignment of error is that the judgment is con-

trary to the manifest weight of the evidence. In view of the conflict in credible evidence on both sides we find no merit in this assignment.

For the reason that defendant was entitled to have access to and to use the entire police report, which access and use were denied him, the judgment must be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

WISEMAN, P. J., and KERNS, J., concur.