Stewart, J.
 

 The question whether a witness subpoenaed to give testimony in the taking of a deposition before a notary public may refuse to answer questions, on the ground that the information sought to be elicited is incompetent, immaterial and irrelevant or that such information is privileged, has had an adventurous' career through the courts.
 

 Section 11503, General Code, provides:
 

 “A
 
 subpoena shall be directed to a person named therein, and require him to attend at a specified time and place to testify as a witness. It also may direct the person it names, to bring with him any book, writing, or other thing under his control, which he may be compelled to produce as evidence.”
 

 
 *410
 
 This court in paragraph three of the syllabus in
 
 DeCamp
 
 v.
 
 Archibald,
 
 50 Ohio St., 618, 35 N. E., 1056, 40 Am. St. Rep., 692, held:
 

 “Where the question propounded involves no question of privilege on the part of the, witness, it is his duty to answer, if ordered by the notary to do so.' The question of its competency is a matter for the determination of the court on the trial of the action in which the evidence is taken; and if he refuses to do so, when ordered, he may be committed as a contumacious witness.”
 

 Apparently the holding in
 
 DeCamp
 
 v.
 
 Archibald
 
 was modified in the syllabus of
 
 Ex parte Jennings,
 
 60 Ohio St., 319, 54 N. E., 262, 71 Am. St. Rep., 720. That syllabus reads:
 

 “A witness whose deposition is being taken before an officer may refuse to testify to facts not relevant to the issues in the case in which the deposition is to be read, if the disclosure of such irrelevant facts would be injurious to the business of the witness; and, if imprisoned by the officer for such refusal, he may be discharged on
 
 habeas corpus.”
 

 Judge Shauck, in the opinion in the
 
 Jennings case,
 
 distinguished the
 
 DeCamp case
 
 by saying that in that ease it was clearly pointed out in the opinion that the question which the witness refused to answer was competent. It is to be noted, however, that Judge Minshall, who wrote the opinion in the
 
 DeCamp case,
 
 dissented from the syllabus in the
 
 Jennings case.
 

 In the case of
 
 Ex parte Schoepf,
 
 74 Ohio St., 1, 77 N. E., 276, 6 L. R. A. (N. S.), 325, we find a situation quite similar to the instant case. There a claim agent of the Cincinnati Traction Company had been subpoenaed and was asked concerning an accident on one of the cars of the traction company, as to the names of the conductor and motorman of the car; as to
 
 *411
 
 whether there were any other persons on the ear at the time of the accident complained of, except the conductor, motorman and the woman hurt in the accident; and as to whether the claim agent knew of any other persons who witnessed the accident.
 

 The claim agent refused to answer any of the questions upon the ground that they were immaterial, irrelevant and incompetent and because the questions called for hearsay testimony. He said also that as a result Pf a rule of the traction company all the records and reports called for had been forwarded by him to the company’s counsel when the suit was filed .concerning which the deposition was being taken.
 

 The ..claim agent was committed to jail until he should answer the questions and produce the records which had been called for in the subpoena.
 

 This court held in paragraph four of the syllabus of
 
 Ex parte Schoepf:
 

 “While an officer before whom a deposition is being taken is empowered to punish as for contempt any person who refuses to obey an order to answer a question or to produce a document, he cannot do so unless it is so ‘lawfully ordered’; and where such question or document is not pertinent to the issues tendered or made, or is not material or necessary to make out the case of the party calling for it, or is incompetent or privileged, the witness cannot lawfully be ordered to answer such question or to produce such document.”
 

 The question of the right of a witness whose deposition is being taken to refuse to answer questions propounded to him was again before this court in the case of
 
 In re Martin, Jr.,
 
 139 Ohio St., 609, 41 N. E. (2d), 702. In that case a deposition was taken by a commissioner appointed by a New York court in a New York discovery proceeding, and this court held that when a witness has been committed for contempt,
 
 *412
 
 by reason of his refusal to answer questions on the taking of his deposition, he is entitled in the hearing of
 
 habeas corpus
 
 proceedings to have decided the question of the relevancy and competency of the questions asked him.
 

 When the
 
 Martin case
 
 (139 Ohio St.) was remanded to the Court of Appeals of Lucas county, that court held that three of the questions asked Martin on the deposition were privileged and, therefore, he need not answer them, but that the remaining questions were relevant and not privileged and he must answer them.
 

 The case again came to this court and in
 
 In re Martin, Jr.,
 
 141 Ohio St., 87, 47 N. E. (2d), 388, this court held in paragraphs four, five, six and seven ,,of the syllabus as follows:
 

 “4. A witness who is not a party has no legal right, upon the taking of his deposition, to refuse to answer any question, upon the advice of his attorney, merely because the attorney believes that the testimony sought is irrelevant, incompetent or immaterial. (Paragraph four of the syllabus in
 
 Ex parte Schoepf,
 
 74 Ohio St., 1; and
 
 In re Martin, Jr.,
 
 139 Ohio St., 609, overruled.)
 

 “5. A commissioner not being invested with the ultimate authority to pass on the relevancy, competency or materiality of testimony taken upon deposition, should order the witness to answer any question where objection is based upon those grounds, subject only to the exclusion of the testimony by the court when offered upon the trial.
 

 “6. The common-law rule that confidential comunications between client and attorney are privileged and protected from inquiry when, the client is a witness as well as when the attorney is a witness is fully recognized in this state, and a client cannot be compelled to disclose communications which his attorney is not permitted to disclose.
 

 
 *413
 

 “7. A
 
 witness whose testimony is being taken by deposition for use in another state may refuse to answer any question, the answer to which would infringe any personal privilege granted by the Constitution or statutes of this state or any rule of the common law recognized in this state, and, if committed for contempt for such refusal, has the lawful right to have the question of privilege determined by the Ohio courts, in a subsequent
 
 habeas corpus
 
 proceeding.”
 

 Four members of the court concurred in the majority opinion. One member concurred in the judgment although he dissented from paragraphs four and five of the syllabus, and two members dissented from paragraphs four and five of the syllabus and fiom the judgment.
 

 In the instant case, while the same question is involved as in the cases we have discussed, it is not necessary to re-examine the law as enunciated at various times by this court. We are of the opinion that when reports concerning an accident on a public transportation system have been made in the course of business of the company operating the system, and when such reports, including the names of the witnesses and the reports of such witnesses, have been turned over to the legal department of the company, they are privileged.
 

 It will be noted that in all the cases hereinbefore mentioned, while they diametrically differ in their conclusions as to the right of a witness in a deposition to refuse to answer questions because of their irrelevancy, incompeteney and immateriality, there is a uniformity of opinion that the witness may refuse to answer upon the ground that the information sought to be elicited is privileged and may have that question tested in
 
 habeas corpus
 
 proceedings.
 

 This court is of the opinion that the names and
 
 *414
 
 addresses of the operators and the times of operation of public transportation vehicles of a company, as well as the times of their operation in reference to an accident, are not only not privileged but are relevant and competent as evidence in an action growing out of an accident claimed to have been caused by the negligence of an operator of such a vehicle, If such operator were' on the witness stand in the trial of such an action, it would never occur to a lawyer or,a court that when the witness was asked his name and address that his answer would be irrelevant, incompetent, immaterial or privileged.
 

 Obviously the names and addresses and the times of operation of the various operators.of a transportation company would be matters of record with the company for general purposes, and the company would have such'records irrespective of any accident. In the instant case, the records asked for in the depositions of Hyde and Lombardo had been turned over to the legal department as privileged records. These records could be withheld and not produced, upon the ground of privilege. > However, the plaintiff in an action against a defendant transportation company can cause a notary public to subpoena the secretary of the company or the one who has control of the records thereof and compel him in a deposition to give information as to the number of cars or busses passing a given point within a given time and the names and addresses of the operators thereof.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.