Stewart, J.
 

 Was Gebauer entitled to the records •demanded or to have the information therein made available to him?
 

 Again the question is before us whether a person •subpoenaed to give testimony in a deposition before a notary public may refuse to answer questions on the ground that the information sought is incompetent, immaterial, irrelevant or privileged.
 

 In the case of
 
 In re Hyde,
 
 149 Ohio St., 407, 79 N. E. (2d), 224, we reviewed the decisions of this court with reference to questions similar to those involved here and showed how, like Banquo’s ghost, they had been periodically rising during the past 55 years. We stated in the
 
 Hyde case
 
 as follows:
 

 “It will be noted that in all the cases hereinbefore mentioned, while they diametrically differ in their •conclusions as to the right of a witness in a deposition to refuse to answer questions because of their irrelevancy, incompetency and immateriality, there is a uniformity of opinion that the Avitness may refuse to answer upon the ground that the information sought to be elicited is privileged and may have that question tested in habeas corpus proceedings.”
 

 This court unanimously agreed upon the syllabus in the
 
 Hyde case,
 
 which reads as follows:
 

 “1. Reports and records concerning an accident in which a public transportation vehicle is involved, which ¡reports and records, according to the custom of the company owning such vehicle, are turned over to and remain in the possession of the company’s legal department, are privileged communications and their
 
 *311
 
 production cannot be enforced in the taking of depositions in an action predicated on such accident. (Paragraph three of the syllabus of
 
 Ex Parte Schoepf,
 
 74 Ohio St., 1, approved and followed.)
 

 “2.
 
 The names and addresses of the operators and the times of operation of public transportation vehicles of a company, as well as the times of their operation in reference to an accident involving one of such vehicles, which information, for general purposes, is a matter of record with the company, are not privileged and are relevant and competent as evidence in an action predicated on such accident claimed to have been caused by the negligence of the operator of such a vehicle. Such information may be elicited through a subpoena issued by a notary public, to one having control of the records of the transportation company, for the taking of his deposition in such action.”
 

 It was claimed by Gebauer that streetcar No. 329' was the one involved in the accident on November 21, 1946, in which he was involved.
 

 Under the holding and logic of the
 
 Hyde case,
 
 Gebauer was entitled to the information as to the car-barn in which such ear was kept on the date of the accident, as well as the information from the trip sheets-showing the operation of such car on such date and the names of the operators and their times of operation of the car, all as required by the subpoena. Gebauer was entitled to elicit that information only from the records kept for general purposes by the city and not from any records which were prepared for use in connection with the defense of Gebauer’s action. Gebauer was not entitled to the names or reports of any witnesses to his accident, which the city had secured,, or to any records of information of any kind which were made or came into existence as the result of or concerning the accident. Such records were privileged in the hands of the city.
 

 
 *312
 
 The last pronouncement of this court with reference to the right of a witness, when his deposition is being-taken, to refuse to answer a question upon the ground that it is irrelevant, incompetent or immaterial was in the case of
 
 In re Martin, Jr.,
 
 141 Ohio St., 87, 47 N. E. (2d), 388. Paragraph four of the syllabus of that case reads:
 

 “A witness who is not a party has no legal right, upon the taking of his deposition, to refuse to answer .any question, upon the advice of his attorney, merely because the attorney believes that the testimony sought is irrelevant, incompetent or immaterial. (Paragraph four of the syllabus in
 
 Ex Parte Schoepf,
 
 74 Ohio St., 1, and
 
 In re Martin, Jr.,
 
 139 Ohio St., 609, overruled.) ”
 

 The petitioner in the present case attempts to make .a distinction, as to the holding in the
 
 Martin case,
 
 between a witness who is orally asked a question and the petitioner who was called as a party and ordered to produce a document. He refers us to Section 11551, ■General Code, providing- that the court in which an action is pending may order parties to produce books .and writings in their possession which contain evidence pertinent to the issue, in cases and under circumstances where they might theretofore have been compelled to produce them by the ordinary rules of chan•cery. Petitioner then strenuously argues to the effect that the information required by the subpoena in the present case is not pertinent to the issues in the
 
 Geibauer case;
 
 that the petitioner whose deposition was being taken as a party in the
 
 Gebauer case
 
 was in a different situation than a witness being.asked a question in a deposition; and that petitioner had a right to refuse to produce or make available the records described in the subpoena.
 

 Petitioner maintains that there is a real and valid distinction between a subpoena ad testificandum and a ¡subpoena duces tecum, but we need not pass upon the
 
 *313
 
 question involved in his thesis for the reason that we hold, on authority of the
 
 Hyde case,
 
 that the information required in the subpoena involved here is pertinent in the
 
 Gebauer case.
 

 The identity of the operators of a transportation-vehicle involved in an accident is relevant in an action-concerning such accident by one who claims to have-been hurt therein. The kind of person an operator is, with reference to' his competency or lack thereof or training or lack thereof, bears directly upon the question of the due care of a transportation company with reference to the operators to whom it entrusts its-vehicles.
 

 We are not holding that an accident record of such an operator would shed any light upon his competency or incompetency, because that would require a collateral investigation as to the cause of other accidents not concerned with the one on trial.
 

 Assuredly it would be pertinent to a plaintiff’s case,, in the trial of a negligence action as the result of an-accident in which a public transportation vehicle was concerned, to have information as to what vehicle was involved, as to its schedules on the day of the accident and as to its route. All these matters have a direct bearing upon the question of the operating speed.
 

 Since petitioner’s whole argument with reference to Section 11551, General Code, is bottomed upon a-question of relevancy, Gebauer was entitled under that section to the information he seeks in the subpoena-with which the present case is conceimed.
 

 As we have said, Gebauer is not entitled to any records, statements or information which the city of Cleveland has in its possession and which came into-being as a result of the accident in which Gebauer was concerned. But he is entitled to have made available to him the information he seeks from the general
 
 *314
 
 records of the city which were made and kept without regard to any accident.
 

 It is claimed that, because the records whose production is sought by the subpoena had been placed in the hands of counsel for the defense in the action by Gebauer and. that this was done in accordance with a custom of some years standing of the transit system, the records are privileged under the rule enunciated in paragraph one of the syllabus of the
 
 Hyde case, supra.
 

 It will be noted, however, that that paragraph of the syllabus refers to reports and records concerning an accident, which, according to custom, are turned over to and remain in the possession of the company’s legal department. Such reports and records are those which come into existence because of the accident and would not prevent access to the information contained in the general records of the company which are kept without reference to an accident. The mere fact that such records had been turned over to a legal department would' not preclude access to the information contained in them if it were otherwise not privileged. It would lead to an absurd result if a report or document, relevant, material, competent and nonprivileged in the possession of a client, which had come into existence in the general course of thq client’s business, could be made privileged merely by turning it over to the client’s lawyer even though the client asserted that it was his custom to turn over such records and documents whenever claims were asserted against him.
 

 In 8 Wigmore on Evidence (3 Ed.), 591, Section 2307, it is stated :
 

 “Is the attorney compellable to
 
 produce in court,
 
 by subpoena or bill of discovery, the documents placed in his possession by the client?
 

 “This is not a question of compelling the disclosure of the attorney’s knowledge; he may know nothing of the contents of the document, nor is he asked to tes
 
 *315
 
 tify about them. Whether the package contains a diamond or a deed is immaterial. But must he produce it?
 

 ‘ ‘ The answer here depends upon the other privileges of the client
 
 irrespective of the present privilege.
 
 The attorney is but the agent of the client to hold the deed; if the client is compellable to give up possession, then the attorney is; if the client is not, then the attorney is not. It is merely a question of possession, and the attorney is in this respect like any other agent. There is, to be sure, the'added consideration of policy, namely, that if the attorney were not compellable when the client was, then the client’s obligation to produce could always be evaded in very simple fashion by placing the deed with the attorney; and such a quibble could not be tolerated by any practical system of lawi”
 

 In the
 
 Hyde case, supra,
 
 we said that such information as Gebauer demands may be elicited through a subpoena issued by a notary public to one having control of the records of a transportation company, where that information for general purposes is a matter of record with the company. Such record does not become privileged merely by turning it over to the legal department, and its production or the information contained therein limited to what we have said must be made available by the one in whose custody it is when properly required in a deposition.
 

 For the reasons given we hold that petitioner was not justified in refusing to have his counsel turn over to him the records requested in the subpoena for inspection, or, in the alternative, to make available to Gebauer the information requested in such subpoena.
 

 Petitioner remanded to custody.
 

 Weygandt, G. J., Matthias, Hart, Zimmerman, Turner and Taft, JJ., concur.