Matthias, J.
The question presented is whether the order overruling a demurrer to interrogatories annexed to the petition is a final order.
It seems obvious that this appeal was prosecuted from an order of the court which in no manner finally disposed of the pending case. Answer was filed by the cab company, issues were made, and no entries have been made in the Court of Common Pleas which purport either to dismiss the petition of the plaintiff or to award a judgment against the cab company. The order of the Court of Common Pleas overruling the demurrer to the interrogatories, which constitutes the claimed “final order” on which this appeal is predicated, does not provide a penalty for failure to answer the interrogatories attached to the petition.
The nature of the order made by the Court of Common Pleas becomes clear when we consider the statutory provisions regarding interrogatories, which were *314 invoked by the parties hereto. These sections are as follows:
Section 11348. “A party may annex to his pleading, other than a demurrer, interrogatories, pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath, by the party to whom they are propounded, or if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires.”
Section 11350. “Answers to interrogatories may be enforced by an order of dismissal, judgment by default, or by attachment, as the justice of the case requires. On the trial, such answers, so far as they contain competent testimony on the issue or issues made, may be used by either party.”
It does not appear from this record that the Court of Common Pleas exercised its authority under Section 11350, General Code, to enforce answers. If it had applied this section we would have before us an “order of dismissal, judgment by default, or * * * attachment.” .Without question any such order or judgment would be appealable.
It has long been the law of this state that the overruling or sustaining of a demurrer to a pleading, which is not followed by either judgment or the dismissal of the case, is not a “final order” which may be appealed on questions of law. See Holbrook, Admr., v. Connelly, 6 Ohio St., 199; Betz v. Industrial Commission, 139 Ohio St., 624, 41 N. E. (2d), 701.
This court has previously considered the effect of the failure or refusal of a party to answer interrogatories propounded under these statutes. In the case of Newburg Petroleum, Co. v. Weare, 44 Ohio St., 604, 610, 9 N. E., 845, the plaintiff propounded certain interrogatories which were unanswered by the defendant Weare. Because of failure to properly state a *315 cause of action, the petition against codefendants of "Weare was dismissed hy the court. Plaintiff sought to maintain the action against Weare, demanding a judgment as on default for not answering the interrogatories more fully. The court refused to grant such judgment, and from such refusal an appeal was prosecuted.
This court refused to reverse because there was no evidence of “error in the court’s exercise of a sound discretion” and for the further reason that because of the refusal of the court to grant judgment the case was still pending in the lower court.
In the case of Railway Co. v. Construction Co., 49 Ohio St., 681, 32 N. E., 961, the defendant in the Court of Common Pleas appended certain interrogatories to his answer. Plaintiff’s demurrer to these interrogatories was overruled, and an order was entered requiring plaintiff to answer them before a date certain and that in default thereof the “action stand dismissed at plaintiff’s costs.”
Upon failure to answer the interrogatories, defendant made a motion to dismiss the action which the court refused to do. Later a default judgment was given for the plaintiff, and on appeal defendant claimed that the court erred when it failed to dismiss the action. This court affirmed the judgment, holding that refusal to dismiss the action was within the discretion vested in the court;
The instant appeal is not predicated on any claimed abuse of discretion on the part of the trial judge, the theory of the cab company being that as a matter of law it is not required to answer the questions because of the nature of such interrogatories, and that plaintiff seeks only to discover the name of a witness.
The situation presented in the instant case is akin to that presented where the trial court has granted a new trial upon motion. The order granting such new *316 trial is not a final order appealable on questions of law. Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211. However, where it is shown that in granting a motion for a new trial the trial court abused its discretion, such an order has been held appealable. In the instant case, it is not shown that there was any abuse of discretion. There is no record on which such a claim might be made and it cannot be said as a matter of law that, because of claimed hardships unsupported by evidence, an order of the court requiring answers to interrogatories for that reason alone is a final order and appealable on questions of law.
It may be noted that the information sought by these interrogatories was not clearly shown to be an effort to secure the name of a witness. Instead plaintiff sought the name of a codefendant against whom it planned to assert a claim for damages arising from her injuries.
In the case of In re Keough, 151 Ohio St., 307, 85 N. E. (2d), 550, a similar situation was presented. There by deposition a plaintiff sought disclosure of a record as to the barn in which á public transportation vehicle, involved in an accident, was kept on the day of such accident; the trip sheets showing the operation of the vehicle on such day and a record of the names of the operators of the vehicle on that day. This court held that those records were kept for general information purposes and contained information which was relevant, competent and material to the plaintiff’s case, and that the defendant could not refuse to produce them.
It must be concluded that it has not been made to appear that the order of the court, overruling the demurrer to the interrogatories involved herein, is such a final order as affects a substantial right, determines the action and prevents a judgment, or is an order *317 affecting a substantial right made in a special proceeding.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Hart, JJ., concur.