**BROOKSHIRE v. PENNSYLVANIA R. CO.**

Civ. No. 28914.

United States District Court
N. D. Ohio, E. D.

April 1, 1953.

P. Richard Schumann, Youngstown, Ohio, for plaintiff.

Harrington, Huxley & Smith, Youngstown, Ohio (Norman A. Emery, Youngstown, Ohio, of counsel), for defendant.

McNAMEE, District Judge.

This action was filed originally in the Common Pleas Court of Mahoning County, Ohio and removed here on the ground of diversity of citizenship. The action is filed by the Administratrix of the decedent for pecuniary damages to next of kin. The allegations of the petition are that this 38 year old man, the father of eight children ranging from 2 to 18 years (the eldest boy allegedly permanently crippled), was a passenger in an automobile which was struck at the crossing of the railroad at Twelfth Street in the Village of Sebring, Ohio at 4:30 a. m. on January 12, 1952, by a train traveling 80 miles an hour. The auto was carried down the tracks more than three-fourths of a mile and both the driver and passenger were killed almost instantly.

The plaintiff has filed a motion under Rule 34, Fed.Rules Civ.Proc. 28 U.S.C.A., for discovery to permit the production and copying of certain statements. The motion makes nine requests,—for the production of all written statements of the Engineer, the Conductor, the Supervisor of Tracks, reports and statements of other employees, all reports and records made, kept or furnished in connection with the accident, all statements of any other witnesses, all company rules and regulations with reference to this train operation, all photos taken, and all maps and surveys made in connection with this accident or to be used at the trial.

In support of the motion plaintiff's counsel has filed an affidavit in which he deposes that he learned the names and addresses of the Engineer and Conductor of the train and the Supervisor of Tracks; that in long distance telephone conversation with each of said persons he attempted to effect arrangements to interview them and obtain statements as to their knowledge of the relevant facts of the accident. All of said persons refused to comply with counsel's

requests in this regard. All of them are employees of the defendant company and made statements as to their knowledge of the accident to their employer. The other members of the train crew are unknown to plaintiff.

Defendant opposes the motion on the ground that the statements and other items described are in the possession of its counsel and are privileged under the law of Ohio. Defendant's argument poses the question whether under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, this court is bound by the Ohio law on the subject of attorney-client privilege.

It is settled that under the rule of Erie v. Tompkins, federal courts in diversity cases are governed by the pertinent substantive law of the States. The Supreme Court has extended the rule of Erie v. Tompkins to so-called procedural rights where it has been shown that such rights materially affected the substantive rights of the parties. Cities Service Oil Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L. Ed. 196 (burden of proof); Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L. Ed. 645 (contributory negligence); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L.Ed. 2079 (statute of limitations); Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (statute of limitations); Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (a state statute requiring security for expenses).

In Cities Service Oil Co. v. Dunlap, supra, it was held that on an issue of a *bona fide* purchase where the state law places the burden of proof upon him who attacks the legal title and asserts a superior equity this rule must be followed by the federal court because "This is not a matter of practice in courts of equity but a matter of substantial right—a valuable assurance in favor of the legal title."

In Guaranty Trust Co. v. York, supra [326 U.S. 99, 65 S.Ct. 1470], Mr. Justice Frankfurter said:

"And so the question is not whether a statute of limitations is deemed a matter of 'procedure' in some sense. The question is whether such a statute concerns merely the *manner and the means by which a right to recover, as recognized by the State, is enforced,* or whether such statutory limitation is a matter of substance in the aspect that alone is relevant to our problem, namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?" (Emphasis supplied.)

And in Cohen v. Beneficial Loan Corp., supra [337 U.S. 541, 69 S.Ct. 1230], Mr. Justice Jackson said:

"Even if we were to agree that the New Jersey statute is procedural, it would not determine that it is not applicable. Rules which lawyers call procedural do not always exhaust their effect by regulating procedure. But this statute is not merely a regulation of procedure. With it or without it the main action takes the same course. However, it creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims".

But in no case of which I am aware has it been held that Erie v. Tompkins makes it incumbent upon federal courts to follow the state law governing strictly procedural rights which *relate only to the manner and means of enforcing a state-created substantive right.* It is held, therefore, that as to matters purely procedural the Federal Rules of Civil Procedure govern in diversity cases tried in a federal court. This is in accord with the ruling recently made by Judge Freed of this court in Humphries v. Penna. R. Co., D.C., 14 F.R. D. 177. It is also in harmony with the view expressed by Professor Moore that—

"It seems clear, however, that privilege is not a substantive matter, i. e., one that will substantially affect the outcome of a case, but rather a matter of procedure like most other aspects of the law of evidence. The federal courts, therefore, while respecting state statutes on privilege, should be free to give their own interpretation to the concept of privilege." 4 Moore's Federal Practice, 2d Ed., Par. 26. 23, page 1152.

Rule 34 of the Federal Rules of Civil Procedure provides in part:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *".

▓ The Federal Rules of Civil Procedure relating to pre-trial discovery exempt from disclosure those matters that are privileged in the law of. evidence. United States v. Reynolds, 345 U.S. 1, 73 S. Ct. 528. These include, of course, the attorney-client privilege. The precise question here to be determined is whether statements of witnesses to an accident that are in the possession of a party's counsel are "privileged" in the face of a showing of "good cause" for their production under Rule 34. The Supreme Court, in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L. Ed. 451, has made clear the purpose to be subserved by the federal rules of discovery, in saying:

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise."

The court also noted:

"limitations come into existence when the inquiry * * * encroaches upon the recognized domains of privilege."

The attorney-client privilege usually rests upon statutory provision that exempts from disclosure communications made by a client to his attorney in that relation and the attorney's advice to his client. However, by judicial construction the statutory provisions have been expanded to render immune from discovery reports of accidents and statements of witnesses in the possession of a party's counsel. In re Hyde, 149 Ohio St. 407, 79 N. E.2d 224; In re Keough, 151 Ohio St. 307, 85 N.E.2d 550; In re Klemann, 132 Ohio St. 187, 5 N.E.2d 492, 108 A.L.R. 505; In re Shoup, 154 Ohio St. 221, 94 N.E.2d 625.

▓ That such construction of the privilege is not supported by statute was frankly recognized by the Ohio Supreme Court in the recent case of In re Story, 159 Ohio St. 144, 111 N.E.2d 385, where, in commenting upon Ohio's extension of the privilege to reports of an accident and statements of witnesses in the possession of a party's counsel, the court said:

"Of course, by reason of the provisions of subdivision 1 of Section 11494, General Code, an attorney, to whom such communications are made, cannot testify concerning them. However, there are no statutory provisions which provide against the production of such reports or records or testimony concerning them by the party, his nonattorney employees, or anyone else. It is apparent, therefore, that this court has extended the privilege against testifying or producing evidence to an instance beyond those sup-

ported by statutory or constitutional provisions."

Manifestly, if whenever asserted in opposition to a motion for the production of statements of witnesses to an accident under Rule 34, the privilege in its broadest concept is to be sustained, the salutary purpose of the federal rules will in all such cases be defeated. Indeed, it is no exaggeration to say that such a recognized concept of the privilege would result in the emasculation of Rule 34 in many cases involving claims for injury or death arising from accidents. Such claims are the most prolific source of diversity litigation in our courts. Frequently in such cases one party has ready access to factual information that is unavailable to the other party without recourse to Rule 34. It seems reasonable that, consistent with the liberal purpose of the rules of discovery, the attorney-client privilege should be confined to its narrowest permissible limits under the statute of its creation. As one eminent authority has said:

> "The investigation of truth and the enforcement of testimonial duty demand the restriction, not the expansion, of these privileges. They should be recognized only within the narrowest limits required by principle. Every step beyond these limits helps to provide, without any real necessity, an obstacle to the administration of justice." (8 Wigmore on Evidence, 3rd Ed., Sec. 2192.)

■ Under the old rules of statutory discovery it was held that a party was not required to disclose the names of his witnesses to his adversary. Wigmore on Evidence, 3rd Ed., Vol. VI, Sec. 1856(c). In Ohio, records containing the names of witnesses, in the possession of a party's counsel, have been held privileged against disclosure. Ex parte Schoepf, 74 Ohio St. 1, 77 N.E. 276, 6 L.R.A.,N.S., 325; In re Shoup, 154 Ohio St. 221, 94 N.E.2d 625. Federal Rule 26, which is the basic rule of discovery, provides *inter alia*, that the scope of the inquiry there authorized includes "the identity and location of persons having knowledge of relevant facts." This express provision of Rule 26 modifies and limits in an important and fundamental respect the broad scope of the privilege as defined by the courts of Ohio.

Under the federal rules of discovery a party, upon learning the names and addresses of his adversary's witnesses, may interview them. He may proceed under Rule 26 to take their depositions. By interrogatories directed to his opponent he may obtain the substance of the information possessed by witnesses. If the witnesses refuse to supply the information or cannot be reached without difficulty, the examining party may then call for a production of statements made by them. In his concurring opinion in Hickman v. Taylor, Mr. Justice Jackson put the matter succinctly when he said:

> "There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such statements be made available. Production of such statements are (sic) governed by Rule 34 and on 'Showing good cause therefor' the court may order their inspection, copying or photographing."

It is true that the statements sought to be obtained in the Hickman case were procured directly by counsel for the defendant, and the Supreme Court held they were outside the scope of the attorney-client privilege. But the Supreme Court's denial of the plaintiff's request in that case rests upon his failure to establish good cause for the production of the described documents.

■ I see no sound basis for a distinction between statements of a witness taken by a lawyer and statements taken by a party or his agent and turned over to an attorney, in determining whether their production should be ordered under Rule 34. In either case the facts known to the witnesses may be obtained by deposition under Rule 26. If relevant to the subject matter of the litigation, the witnesses'

knowledge of the facts is not confidential and must be disclosed. But if the deposition procedure is impracticable and the witnesses have made statements to the adverse party or his counsel, the examining party may proceed under Rule 34. The scope of the inquiry under Rule 34 is as broad as the scope of the examination under Rule 26. As the Supreme Court has declared, statements of witnesses taken by an attorney are outside the scope of the privilege, and it is only by sustaining the privilege in its broadest compass that statements taken by a party and delivered to his attorney can be deemed to be exempt from disclosure on the ground of privilege. I do not think this concept of the privilege is warranted under the Federal Rules of Civil Procedure. If it is, it is not an absolute privilege, and upon a proceeding under Rule 34, must yield to "a showing of good cause" for the production of the statements.

Plaintiff has made a reasonable effort in good faith to obtain knowledge of the facts from the three witnesses known to her. Apparently in apprehension of their employer's disapproval of a disclosure of the facts, the employee witnesses refused plaintiff's request for oral or written information relating to the accident. Plaintiff's decedent and the only other occupant of the automobile in which he was riding, were killed. Most, if not all, of the relevant facts are within the exclusive knowledge of defendant. The information plaintiff seeks is essential to the proper preparation of her case. She has shown good cause for the production of the statements of the three witnesses mentioned in Requests 1, 2 and 3 of the motion. She has likewise shown good cause for the production of maps and surveys, if any there be, and for the rules relative to the operation of the train, referred to in Requests 7, 8 and 9. Plaintiff's motion is granted as to the above items. Requests 4, 5 and 6 relate to statements of other employee witnesses, statements of any non-employee witnesses, and reports and records relevant to the accident. It is not known whether defendant has any of the materials referred to in the last mentioned requests. Requests 4, 5 and 6 will therefore be treated as interrogatories and defendant ordered to disclose whether the items described therein are in its possession.

An order may be prepared in accordance with the foregoing.