Hart, J.,
dissenting. It is my view that the modern trend of court decisions, both in Ohio and elsewhere, is to liberally construe the scope of pretrial discovery statutes and to limit the exemptions from the operation of such statutes, predicated on privilege statutes, so as to make information concerning accidents on streets and highways available to litigants concerned therewith, so long as such discovery does not extend beyond the disclosure of the physical facts of the accident and the identity of the actors involved therein, and does not include the identity of other witnesses or information which may be obtained from them.
There is now pending in the Common Pleas Court of Cuyahoga County the case of David v. City of Cleveland and John Doe, wherein David, who was a passenger on one of the busses of the defendant city of Cleveland (Cleveland Transit System), seeks to recover damages on account of injuries alleged to have been suffered by him as a result of a collision of the bus with a motor vehicle operated by an unidentified person. David served notice upon Ladd J. Tichy, the petitioner in the instant action, to appear before a notary public for the purpose of having a deposition taken concerning the accident in question. Tichy, who was and is assistant superintendent of the claims de~ *107 partment of the Cleveland Transit System and whose duties include the custody of all records in connection with matters which are in litigation with the transit system, was served with a subpoena duces tecum which commanded him to produce and bring with him:
“All records, reports and other information, including any and all police reports and statements taken by the Cleveland police department pertaining to the accident which occurred on the 1st day of August, 1951, * * * in which the plaintiff herein was a passenger on a Superior streetcar going in an easterly direction on Superior avenue.”
The deposition of Tichy was taken on July 29, and August 5, 1953. On direct examination by counsel for David, Tichy testified that the operator of the bus had turned over to the claims department of the transit system records of information concerning the accident in question, and that such records would disclose the name and address of the operator and the license number of the motor vehicle which collided with the bus in which David was riding at the time of the accident. The witness was then asked to state the name of the driver, his address and the license number of the motor vehicle. The specific question as to the name was: “Will you please state the name of the driver of the automobile with which the Cleveland Transit System vehicle came in contact in the accident alleged in plaintiff’s petition, and which information is now in your custody?”
The witness refused to answer on advice of counsel for the transit system, who gave the following reason for such refusal:
“We object to the question on the ground that it came to the legal department as part of the report furnished the legal department of the Cleveland Transit System, following this accident, and to be used in the defense of the transit system in the event they were *108 sued, or litigation arose as a result of that occurrence. ’ ’
Similar questions as to the address of the driver and the license number of the motor vehicle were directed to Tichy, resulting in similar refusals to answer on the same ground.
Tichy was cited for contempt by the notary public before whom the deposition was taken and was placed in the technical custody of the sheriff of Cuyahoga county. The instant habeas corpus proceeding was instituted to test the obligation of the witness to answer those questions.
Although the subpoena duces tecum broadly requested the production of “all records, reports and other information,” the specific inquiries made of the witness were to disclose the name and address of the operator and the license number of the motor vehicle involved in the collision. The witness while on the stand was not requested to produce books or records of the transit system. David’s attorney in his examination of the witness sought only to have disclosed the identity of the operator and the license number of the motor vehicle.
It is generally conceded that under the statutes and by the practice of most of the states of the United States a party is not entitled to pretrial identification of the adversary witnesses or the production of statements of witnesses obtained by his adversary or by claim agents or attorneys of the latter. This in general was the position of this court taken in the cases of Ex Parte Schoepf, 74 Ohio St., 1, 77 N. E., 276, 6 L. R. A. (N. S.), 325; In re Shoup, 154 Ohio St., 221, 94 N. E. (2d), 625; and In re Hyde, 149 Ohio St., 407, 79 N. E. (2d), 224. See State, ex rel. Thompson, Trustee, v. Harris, Judge, 355 Mo., 176, 195 S. W. (2d), 645, 166 A. L. R., 1425, and annotation; United Benefit Life *109 Ins. Co. v. Schott, 296 Ky., 789, 177 S. W. (2d), 581, 150 A. L. R., 1359.
It is the general rule, however, that no privilege can be asserted from the mere fact that a statement or report is made by a servant or agent to his principal, no matter how confidential the character of the communication or the relationship of the parties. In re Frye, 155 Ohio St., 345, 98 N. E. (2d), 798.
In the case of In re Klemann, 132 Ohio St., 187, 5 N. E. (2d), 492, 108 A. L. R., 505, this court, in considering the confidential character of a report of an automobile accident made by the driver of the car to the owner, and sent by the owner to his insurer and in turn by the insurer to its attorney for the purpose of preparing a defense against a possible lawsuit, held that the report itself was a privileged communication but said: “In order for a document to constitute a privileged communication it is essential that it be brought into being primarily as a communication to the attorney.” To the same effect is Travelers Indemnity Co. v. Cochrane, Jr., 155 Ohio St., 305, 98 N. E. (2d), 840.
Although the authorities are not entirely in accord as to whether a report of an accident made by an agent to his principal is a privileged communication, the great weight of authority favors the view that such a statement or report made in the ordinary course of duty and before litigation has been commenced or threatened is not a privileged communication. Robertson v. Commonwealth of Virginia, 181 Va., 520, 25 S. E. (2d), 352, 146 A. L. R., 966, and annotation.
In reviewing that ease, the annotator, at page 982, reports the court as saying that it is “to be deducible from the better-reasoned cases that a statement made by an employee to his employer, in the course of his ordinary duty, concerning a recent accident, and be *110 fore litigation has been brought or threatened, is not privileged either in the hands of the employer or in the hands of the latter’s attorney to whom it has been transmitted, and accordingly it was held that neither the original report of a motorman made on a printed form immediately after the happening of an accident nor supplemental statements made by him two days later to the claim adjuster was privileged, where there was no evidence that either was taken for the bona fide purpose of being later transmitted to the streetcar company’s attorney.” See, also, Hurley v. Connecticut Co., 118 Conn., 276, 172 A., 86.
In the instant case, however, it is unnecessary to apply the rule of nonprivilege to the extent that it was applied in the cases jnst cited. Here the disclosure sought was merely the identity of another person, whose motor vehicle allegedly was involved in the collision in question, and of the motor vehicle. In equity, by a bill of discovery, the disclosure of names and identity of persons sought to be sued may be required. The court has jurisdiction to require disclosure “when it appears that the person against whom the bill is filed acts as agent for a principal whose name he is called upon to reveal, especially if such agent has charge of the property or business by the management of which the plaintiff has suffered injury.” 17 American Jurisprudence, 9, Section 10. The federal practice also is quite liberal in this respect. It has been held by the federal courts that the federal rules of civil procedure are to be accorded a broad and liberal treatment, to the end that either party may obtain in advance of trial a knowledge of all relevant facts in the possession of the other. See Hickman, Admr., v. Taylor, 329 U. S., 495, 91 L. Ed., 451, 67 S. Ct., 385.
In my view, the rationale of In re Hyde, supra, and *111 In re Keough, 151 Ohio St., 307, 85 N. E. (2d), 550, as applied to facts, is decisive in the instant case.
In the Hyde case, the plaintiff in the case of Brewer v. Cleveland Transit System sought by deposition to require Hyde, the general manager of the system, to disclose the names and addresses of the operators of the busses operated by the system and the times of their operation in reference to an accident in which Brewer was injured. The records sought were prepared as a result of the accident and were already in the possession' of the assistant superintendent of claims, an attorney employed by the legal department of the transit system. He, on the ground of privilege, refused to produce them or give the information sought. This court, although holding that the reports and records so turned over to the legal department were privileged, by unanimous decision held as follows :
“The names and addresses of the operators and the times of operation of public transportation vehicles of a company, as well as the times of their operation in reference to an accident involving one of such vehicles, which information, for general purposes, is a matter of record with the company, are not privileged and are relevant and competent as evidence in an action predicated on such accident claimed to have been caused by the negligence of the operation of such a vehicle. Such information may be elicited through a subpoena issued by a notary public, to one having control of the records of the transportation company, for the1 taking of his deposition in such action.”
Again, as to In re Keough, supra, an action had been brought against the city of Cleveland by one Gebauer who claimed damages growing out of an accident in which a streetcar of’the transit system of the city was involved. Keough, as a member of the transit board, was subpoenaed to produce the following records;
*112 “1. The records showing what carbarn streetcar-No. 329 was kept in on November 21, 1946.
“2. The original trip sheets showing the operation of streetcar No. 329 on November 21, 1946; and particularly all trip sheets with reference to said streetcar between noon of said day and 2:30 o ’clock of said date.
“3. All records showing the names of the crew engaged in operating said car No. 329 on November 21, 1946; and particularly those operating it between the hour of noon and 2:30 o’clock in the afternoon.”
Keough appeared for the deposition but refused to produce the records as to the three items above named or to make available the information contained in them. The records there in question, made as a result of the accident, were already in the hands of counsel for the Cleveland transit board. The witness testified that these records had been turned over to counsel in the regular course of business at the time the action of G-ebauer against the city was commenced and that they would be used by the general counsel of the transit system in the defense of the action. Keough was committed for contempt.
Although this court, in the Keough case, held that reports and records concerning an accident in which a public transportation vehicle was involved and which had been turned over to counsel for the transit system are privileged communications and that their production can not be enforced in the taking of depositions in an action predicated on such action, nevertheless, this court again held by unanimous decision:
“A record as to the barn in which a public transportation vehicle, involved in an accident, was kept on the day of such accident, the trip sheets showing the operation of the vehicle on such day, and a record of the names of the operators of the vehicle on that day are competent as evidence in an action predicated on *113 such accident claimed to have been caused by the negligence of the operator of such vehicle, and their production may be compelled through a subpoena issued by a notary public to a person, having control of the general records of the transportation company owning the vehicle, fo-r the taking of his deposition in such action. (Paragraph two of the syllabus in In re Hyde, 149 Ohio St., 407, approved and followed.)”
In the course of his opinion in the Keough case, Judge Stewart said:
"The identity of the operators of a transportation vehicle involved in an accident is relevant in an action concerning such accident by one who claims to have been hurt therein. The kind of person an operator is, with reference to his competency or lack thereof or training or lack thereof, bears directly upon the question of the due care of a transportation company with reference to the operators to whom it entrusts its vehicles.
U * * *
"It is claimed that, because the records whose production is sought by the subpoena had been placed in the hands of counsel for the defense in the action by Gebauer and that this was done in accordance with a custom of some years standing of the transit system, the records are privileged under the rule enunciated in paragraph one of the syllabus of the Hyde case, supra.
"It will be noted, however, that that paragraph of the syllabus refers to reports and records concerning an accident, which, according to custom, are turned over to and remain in the possession of the company’s legal department. Such reports and records are those which come into existence because of the accident and would not prevent access to the information contained in the general records of the company which are kept without reference to an accident. The mere fact that such records had been turned over to a legal depart *114 ment would not preclude access to the information contained in them if it were otherwise not privileged. It would lead to an absurd result if a report or document, relevant, material, competent and nonprivileged in the possession of a client, which had come into existence in the general course of the client’s business, could be made privileged merely by turning it over to the client’s lawyer even though the client asserted that it was his custom to turn over such records and documents whenever claims were asserted against him.”
In 8 Wigmore on Evidence (3 Ed.), 591, Section 2307, it is stated:
“Is the attorney compellable to produce in court, by subpoena or bill of discovery, the documents placed in his possession by the client?
“This is not a question of compelling the disclosure of the attorney’s knowledge-, he may know nothing of the contents of the document, nor is he asked to testify about them. Whether the package contains a diamond or a deed is immaterial. But must he produce it?
‘ ‘ The answer here depends upon the other privileges of the client irrespective of the present privilege. The attorney is but the agent of the client to hold the deed; if the client is compellable to give up possession, then the attorney is; if the client is not, then the attorney is not. It is merely a question of possession, and the attorney is in this respect like any other agent. There is, to be sure, the added consideration of policy, namely, that if the attorney were not compellable when the client was, then the client’s obligation to produce could always be evaded in very simple fashion by placing the deed with the attorney; and such a quibble could not be tolerated by any practical system of law.”
It is important to note that in the Hyde and Keough cases, the disclosures sought were the names of the operators of the transportation system vehicles involved in accidents, Likewise, in the instant case, the *115 disclosure sought was the name and address of the operator and the license number of the vehicle, involved in the accident in question. So far as the record discloses, he was not a mere bystanding witness whose identity was sought out by the transit company as a defense witness in the event of a lawsuit. Under the circumstances, his interest would naturally lie on the other side of the suit in order to exculpate himself.
In the instant case, in connection with the demand for the disclosure of the identity of the operator and of the motor vehicle, it is not shown that the purpose was to secure the name of a witness, but the inference is that the purpose was to secure the name of a person against whom liability could be asserted and who could be substituted for the fictitious defendant, “John Doe,” in the David case.
It is interesting also to note that in the case of Collins v. Yellow Cab Co., 157 Ohio St., 311, 105 N. E. (2d), 395, the plaintiff attached interrogatories to his petition calling for answers to the following questions:
“What is the name of the driver of the vehicle which collided with your Yellow cab on October 14, 1950, at the place and time stated in the foregoing petition ?
“What is the address of the driver of the vehicle which collided with your Yellow cab on October 14, 1950, at the place and time stated in the foregoing petition?
“What is the license number of the vehicle which collided with your Yellow cab on October 14, 1950, at the place and time stated in the foregoing petition?”
The disclosure sought by those questions is almost identical with that sought in the instant case. The trial court in that case overruled a demurrer to the interrogatories. In considering whether the overruling of the demurrer was a finál appealable order, *116 the issue in that case, Judge Matthias, in his opinion, said :
“It may be noted that the information sought by these interrogatories was not clearly shown to be an effort to secure the name of a witness. Instead plaintiff sought the name of a codefendant against whom it planned to assert a claim for damages arising from her injuries.
“In the case of In re Keough, 151 Ohio St., 307, 85 N. E. (2d), 550, a similar situation was presented. There by deposition a plaintiff sought disclosure of a record as to the barn in which a public transportation vehicle, involved in an accident, was kept on the day of such accident, the trip sheets showing the operation of the vehicle on such day and a record of the names of the operators of the vehicle on that day. This court held that those records were kept for general information purposes and contained information which was relevant, competent and material to the plaintiff’s case, and that the defendant could not refuse to produce them.” (Italics supplied.)
I am in accord with the view so expressed.
Clearly, under the principles evolved in the recent decisions of this court above noted, if the unidentified operator of the unidentified vehicle involved in the collision with the bus of the transit system had been an employee of the transit system, the disclosure here sought would be required. In other words, the only differentiating fact between those of former recent similar cases decided by this court and those of the instant case is that, in the latter, the unidentified operator of the unidentified vehicle, concurrently involved in the collision, was not an employee of the transit system. In my view, such a distinction is clearly frivolous and, as a fact, is insufficient in operation to warrant a different decision.
*117 Since, in the instant case, the person operating the motor vehicle might have been a participating actor in the accident and not a mere bystanding witness, David was entitled to the information sought.
Accordingly, I am of the opinion that the petitioner should be remanded to custody.