Edeberto Figueroa **ORTIZ** and Luis Alfonso **Rodriguez** and Hilda Luc **Rodriguez**, his wife, Plaintiffs,

v.

**H. L. H. PRODUCTS CO.**, a Division of Hunt Oil Company, a Delaware corporation, and Hunt Oil Company, a Delaware corporation, Defendants.

Civ. A. No. 2723.

United States District Court
D. Delaware.
Dec. 7, 1965.

**42**

William T. Lynam, III, Wilson & Lynam, Wilmington, Del., for plaintiffs.

Rodman Ward, Jr., Prickett & Prickett, Wilmington, Del., for defendants.

LAYTON, District Judge.

The plaintiffs in this action have moved for an order pursuant to Rule 34 F.R.Civ.P. to compel defendant H. L. Hunt Products Co. to produce certain photographs and the statement of a witness. Defendants have declined to produce this statement and the photographs on the grounds that these items are privileged matter, the photographs and the statement having been taken at the request of counsel in preparation for trial.

Plaintiffs argue that they have shown good cause for production of the above items because even though plaintiffs' photographer did have an opportunity to take some photographs of the machine in which plaintiffs were injured, the photographs were apparently not satisfactory, and the machine has subsequently been removed from this state to an unknown destination. The statement requested is that of the foreman of the plaintiffs' work crew, William Jack. Mr. Jack refused to make a statement for plaintiffs, and before he could be deposed, he left the state and is not available for deposition. Plaintiffs contend that Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.

451 (1947) applies, and that under the Hickman doctrine, this Court should order production.

■ If the Hickman doctrine is applicable, the production order will be granted for the reason that good cause has been demonstrated. However, defendant Hunt argues that since this is a diversity case, state law respecting privilege applies, and that under Delaware law, statements and photographs obtained by counsel in preparation for trial are privileged matter under the "attorney work-product privilege" and the "attorney-client privilege."[1] Wise v. Western Union Telegraph Co., 6 W.W.Harr. 456, 178 A. 640 (Superior Ct.Del. 1935).

■ Although Delaware has adopted the Federal Rules of Civil Procedure, generally, including the equivalent of Rules 34 and 26, the doctrine of Hickman v. Taylor, supra, has been held not applicable in the state courts. Winter v. Pennsylvania R. Co., 6 Terry 108, 68 A. 2d 513 (Superior Ct.Del.1949); Empire Box Corp. of Stroudsburg v. Illinois Cereal Mills, 8 Terry 283, 90 A.2d 672 (Superior Ct.Del.1952); Graham v. Allis-Chalmers Mfg. Co., 188 A.2d 125 (Supreme Ct.Del.1963); State ex rel. State Highway Dept. v. 62.96247 Acres of Land, More or Less, in New Castle Hundred, New Castle County, 193 A.2d 799 (Superior Ct.Del.1963); and Phillips v. Delaware Power and Light Co., 194 A.2d 690 (Superior Ct.Del.1963). The above cases hold that even though good cause may be shown, production will not be ordered where the privilege is invoked. Photographs taken in anticipation of litigation by attorneys or their agents have been held privileged in Phillips v. Delaware Power and Light Co., supra. However, blind adherence to upholding attorney work-product privilege was questioned in Sparks Co. v. Huber Baking Co.,

1. Since William Jack is not a party defendant in this action, and is apparently not an officer of defendant corporation, this statement does not constitute a privileged communication under the attorney-client privilege. Graham v. Allis-Chalmers Mfg. Co., 188 A.2d 125 (Supreme Ct. Del.1963).

114 A.2d 657 (Superior Ct.Del.1955) (dictum), in situations where questions of real hardship were involved.

■ The question before this Court, then, is whether the rulings of the Delaware Courts as to attorney work-product privileges should be applied in a diversity case, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The state of the law on this question is confused. In Reeves v. Pennsylvania R. Co., 8 F.R.D. 616 (D.C.Del.1949), Judge Rodney, relying on Wise v. Western Union Telegraph Co., 6 W.W.Harr. 456, 178 A. 640 (Del.Super.1935) [2] said:

"Where Rule 34 of the new Superior Court Rules of Delaware excludes privileged matter from the discovery process and nothing in said rule or any other rule indicates that the decisional law of Delaware on privilege is changed thereby, I am of the opinion that such decisional law is operative in determining whether or not specified material is privileged. It follows that the rule of the Wise case is the controlling Delaware authority, and since the statements in question are privileged under that rule they need not be produced.

*"The case presents the anomalous feature that certain applications of discovery process may be available under Hickman v. Taylor in cases arising under the general federal jurisdiction of a district court, and may not be available in cases arising solely by reason of diversity of citizenship.* This result is accomplished by reason of the fact that the law of privilege as applied to communications or documents may not be uniform in the federal jurisdiction and under the law of the several states, and the law of the several states must be applied if Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is applicable. * * *" (Emphasis added.)

Accordingly, requested production of certain documents, papers, etc., was held to be privileged. Curiously enough, however, despite the italicized portion of the quoted language, Judge Rodney seemed to go on and infer that if good cause had been shown, the motion might have been granted.[3] In any case, neither Reeves nor a later decision of this District, Pennsylvania R. Co. v. Julian, 10 F.R.D. 452 (D.C.Del.1950) govern here for the reason that, in both, there was a stipulation by counsel to the effect that Delaware law determined whether or not the particular statements were privileged. No such concession is made in the case at bar.

There are a number of other federal decisions holding that matters privileged under State law are not subject to discovery under the Federal Rules. Palmer v. Fisher, 228 F.2d 603 (7 Cir. 1955) [accountant-client privilege]; noted: 44 Cal.L.Rev. 949 (1956); Comment, 23 U. Ch.L.Rev. 704 (1956); Berdon v. McDuff, 15 F.R.D. 29 (D.C.E.D.Mich.1953) [accountant-client privilege]; Stiles v. Clifton Springs Sanitarium Co., 74 F. Supp. 907 (D.C.W.D.N.Y.1947) [physician-patient privilege]; Massachusetts Mutual Life Insurance Co. v. Brei, 311 F.2d 463, 100 A.L.R.2d 634 (2 Cir. 1962) [physician-patient privilege]; Engl v. Aetna Life Ins. Co., 139 F.2d 469 (2 Cir. 1943) [physician-patient privilege]; and

---

2. "Documents prepared in relation to an intended action, whether at the request of the solicitor or not, and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice." Wise v. Western Union Telegraph Co. at p. 644.

3. If so, this would be in accordance with Hickman v. Taylor, which seems to permit a reasonable discovery into an attorney's work product upon a showing of good cause.

Munzer v. Swedish American Line, 35 F. Supp. 493 (S.D.N.Y.1940) [physician-patient privilege]; Cimijotti v. Paulsen, 219 F.Supp. 621 (N.D.Iowa 1963) [priest-penitent privilege]; Aetna Life Ins. Co. v. McAdoo, 106 F.2d 618 (8 Cir. 1939), [Arkansas statute on hospital records]; Ex parte Sparrow, 14 F.R.D. 351 (N.D.Ala.1953) [Alabama statutory journalist-source privilege]; Merlin v. Aetna Life Ins. Co., 180 F.Supp. 90 (S.D. N.Y.1960) [husband-wife privilege]; Blank v. Great Northern Ry. Co., 4 F.R.D. 213 (D.C.Minn.1943) [attorney-client privilege (assumed)]; Padovani v. Liggett & Myers Tobacco Co., 23 F.R.D. 255 (D.C.E.D.N.Y.1959) [physician-patient privilege]; Boyd v. Wrisley, 228 F. Supp. 9 (W.D.Mich.1964) [physician-patient privilege]; United States v. Becton Dickinson & Co., 212 F.Supp. 92 (D.C.N.J.1962) [N.J. Statutory attorney-client privilege].

To the contrary are Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941)[4] and the following Federal District Court decisions: Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55 (D.C.N.D.Ohio 1953) [attorney work-product (distinguished from attorney-client) privilege]; Brookshire v. Pennsylvania R. Co., 14 F.R.D. 154 (D.C.N.D. Ohio 1953) [State attorney-client privilege; court did not distinguish work-product privileges as in Scourtes; actually a work-product case]; Humphries v. Pennsylvania R. Co., 14 F.R.D. 177 (D.C.N.D.Ohio 1953) [same as Brookshire, supra]; Panella v. Baltimore and Ohio R. Co., 14 F.R.D. 196 (D.C.N.D. Ohio 1951) [same as Brookshire, supra]; Holbert v. Chase, 12 F.R.D. 171 (D.C.E.D.S.C.1952) [holding that non-statutory physician-patient privilege could be overcome by good cause requirements in certain cases; physician hired as expert witness; court treated physi-cian as expert witness, and denied motion for discovery on what amounted to failure to show good cause; might be construed as work-product case]; Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co., 219 F.Supp. 181 (S.D.N.Y. 1963) [limitations on New York physician-patient privileges]; Cf. reasoning in Monarch Ins. Co. of Ohio v. Spach, 281 F.2d 401 (5 Cir. 1960).

In the main, the cases above cited holding a state granted privilege immune from discovery under the Federal Rules concern a different type of privilege than that under discussion here. Those cases deal with what are generally referred to as privileged communications, that is, communications between lawyer and client, physician and patient, accountant and client, priest and parishioner and husband and wife. This type of privilege is the outgrowth of sound state policy and, while differing from state to state, where established by statute or judicial decision, has long been jealously guarded not only by the Federal Courts (see opinions above cited) but by the State Courts. For instance, see Graham v. Allis-Chalmers Mfg. Co., 188 A.2d 125 (Sup.Ct.Del.1963).

The type of discovery resisted here has to do with a different category of privilege usually referred to as the attorney's work product. It is privileged matter but not inviolate. It is less capable of exact definition than the privileged communication, has to do with pending litigation only and is concerned with a continuum of material touching more or less directly on the thought processes of the attorney preparing for litigation.

It is in this latter area of privilege that the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (511), while recognizing that for a rational discovery process to co-exist with the adversary system an at-

4. The case may be dispositive of the question here because the right to freedom from invasion of the person under F.R. Civ.P. 35 was involved and held to be procedural. However, because of the limitation as to the scope of inquiry in that case found at page 9, I do not rest my opinion on it.

torney must have some privacy in preparation for litigation, nevertheless, refuses to permit him to use such privilege as a curtain behind which he can hide factual data which should in all fairness be available to both parties. Nor, in my view, should such state created, privileged material as was under discussion in Wise, amounting in reality to nothing more than an attorney's work product, be immune from discovery under the Federal Rules once a showing of good cause or hardship has been made. Otherwise there might result a substantial and unwarranted restriction upon the reach of discovery under the Federal Rules by the simple process of an attorney burying discoverable material in his files and crying "work product." Thus, under Hickman v. Taylor the good cause requirement may be said to be the point of balance between the adversary system and the policy of wide disclosure under the Federal Rules of Discovery.

It is possible that the failure of the Courts clearly to distinguish between the two types of privilege here discussed has led to much of the confusion in the cases.

The wisdom of Hickman v. Taylor is here demonstrated where defendants argue from an unfavorable fact position: Jack, the defendants' foreman, gave his written statement to defendants, refused to talk with plaintiffs and disappeared from the jurisdiction; plaintiffs' photographs did not turn out well but defendants' are clear and revealing and the machinery has been removed from the jurisdiction of this Court. Though reasonable minds may differ, it is my view that defendants have facts in their possession which are unavailable to plaintiffs and for which they have demonstrated good cause for production.

At the risk of repetition, it should be emphasized that there is no intention here to permit discovery under the Federal Rules to invade those special fields of privileged communications long established by sound public policy elsewhere alluded to. However, the Delaware decisions have interpreted the attorney-client privilege so broadly as to include what, in reality, is generally regarded as an attorney's work product without regard to the equitable qualifications of good cause established by Hickman v. Taylor. To this extent, the rulings of the Delaware State Courts must give way. For, as said by Wigmore, Evidence, § 2192:

"The investigation of truth and the enforcement of testimonial duty demand the restriction, not the expansion, of these privileges. They should be recognized only within the narrowest limits required by principle. Every step beyond these limits helps to provide, without any real necessity, an obstacle to the administration of justice."

The motion for production is granted.