Elsie W. JOHNS and Ira W. Johns,
Plaintiffs,

v.

The CITY OF WILMINGTON, a municipal
corporation of the State of Delaware and
Delaware Coach Company, a corporation of
the State of Delaware, Defendants.

Superior Court of Delaware.

New Castle.

March 17, 1967.

Carl Schnee, Wilmington, for plaintiffs.

Joseph H. Flanzer, Wilmington, for defendant, City of Wilmington.

Thomas G. Hughes (of O'Donnell, Hughes & Lowicki), Wilmington, for defendant, Delaware Coach Co.

## MEMORANDUM OPINION

LYNCH, Judge.

■ The plaintiff Elsie Johns asserts she was a passenger on a bus of defendant Delaware Coach Company on April 8, 1966, and in the act of alighting from the bus she fell in a hole or rut in a city street. She has sued the City of Wilmington[1] and Delaware Coach Company[2]. The accident was not reported to the Delaware Coach Company.

When Mrs. Johns' deposition was taken she testified that a friend of hers, at Mrs. Johns' direction, had taken Polaroid pictures of the scene of the accident about two weeks after the accident. Such pictures show the accident scene, including the hole into which plaintiff allegedly fell. Such pictures are in the possession of Mrs. Johns or her attorney. Plaintiffs' counsel refuses to show them to defendants.

The Coach Company has moved the Court to direct plaintiff to produce the photographs and to copy them. Plaintiff resists the motion, contending they are privileged "in that they were prepared for the purpose of presenting them to counsel in connection with impending litigation". Counsel cites Phillips v. Delaware Power and Light Company, Del., 194 A.2d 690 (SuperCt.1963)—a case which I decided.

---

1. The City can be liable for injuries occasioned by condition of the streets.

2. The Coach Company is required by appropriate regulations to discharge its passengers as designated sites and where no dangerous conditions exist.

Plaintiffs' counsel also contends the defendant can get its own pictures.

I consider the facts here presented are different from those in the Phillips' case. That case involved a file of an insurance adjuster who had been directed to investigate the case and place the file at the disposal of the counsel for the defendant in the cited case. It included a mass of material; the photographs were incidental, and went only to explain much of the remaining portions of the file.

In the affidavit of the Coach Company's attorney, showing "good" cause for the motion, he contends—

"* * * it is essential that defendant * * * know where plaintiff allegedly fell and this information can only be obtained by referring to the photographs taken on behalf of plaintiffs."

There can be no question but that the Coach Company can get another photographer to take the needed pictures, but plaintiffs' pictures refer to the scene of the accident, and since such pictures are available I can see no need to require the Coach Company to take pictures which may or may not serve its purposes.

█ It is true I held in the Phillips' case that the photographs there involved were part of the "work product" privilege, based on the *Hickman* case (Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451), decided by the Supreme Court of the United States, but facts differ in cases and facts should be considered. My notes on the Phillips' opinion show that I there entertained doubt as to applying the "privilege" to the photographs which were a part of the file in that case, but since they were tied into other material of the ·file and counsel sought to see the entire file, I could make no differentiation between the photographs and the other material in the file. I did not then intend to hold photographs to be privileged, even though they were part of the "work product" of an attorney. The facts of each case must be consid-

ered separately to determine when the "privilege" should be applied.

I concur entirely with Judge Layton's (U. S. District Court Judge) remarks in Ortiz v. H. L. H. Products Co., 39 F.R.D. 41 (U.S.Dist.Ct., Del.1965). See also Sparks Co. v. Huber Baking Co., 114 A.2d 657, 659 (Super.Ct.Del., 1955).

█ In light of this explanation, I have concluded the motion should be granted and that the Coach Company should be permitted to see and copy the Polaroid pictures taken at the direction of Mrs. Johns. An order to such effect may be presented.

It is so ordered.