In the Matter of Edward A. RUPPERT, Formerly d/b/a Ruppert Buick Company, Bankrupt.

COMMERCIAL CREDIT CORPORATION and James D. Schoedinger, Appellants,

v.

Theodore REPPER, Jr., Trustee in Bankruptcy, Appellee.

No. 14927.

United States Court of Appeals Sixth Circuit.

Nov. 2, 1962.

Samuel S. Wilson, Cincinnati, Ohio (Nieman, Aug, Elder & Jacobs, Cincinnati, Ohio, on the brief), for appellants.

C. R. Greathouse, Jr., Middletown, Ohio, on the brief, for appellee.

Before MILLER, Circuit Judge, and BOYD and McNAMEE, District Judges.

PER CURIAM.

The principal question presented for determination in this review is whether the District Court erred in affirming the action of the Referee in Bankruptcy in denying Appellants' claim of privilege and ordering the production of certain records pertaining to the business of the Bankrupt. The essential facts may be stated briefly.

Prior to his adjudication as a bankrupt, Edward A. Ruppert had been a retail automobile dealer d. b. a. Ruppert Buick Company, in Franklin, Ohio. His business operations were financed by The Commercial Credit Corporation, of which James D. Schoedinger is the vice president. On application of the Trustee in Bankruptcy, the Referee issued subpoenae duces tecum directing The Commercial Credit Corporation and James Schoedinger, its vice president, to " * * * bring all the records of the corporation pertaining to Bankrupt's assets or any assets of the Bankrupt which have come into the possession of The Commercial Credit Corporation. * * * " On examination under oath Schoedinger testified that he had authority to speak for the corporation; that the records were in the possession of the company's legal counsel; that the company could get possession of said records from its counsel but that he refused to produce the records on the ground that they were protected from disclosure by the attorney-client privilege. The Trustee espoused the contrary view that the records were not privileged communications. It is apparent from the record that the Referee

was circumspect and thorough in his consideration of the issue thus presented. He considered the evidence at the hearing and the oral arguments of counsel as well as briefs submitted by the interested parties before reaching a decision. It was the Referee's considered view that the records under subpoena were routine records made in the ordinary course of business rather than records made for the purpose of assisting the attorney in the preparation or trial of litigation and upon such a finding he reached the following conclusion:

"No reasonable mind could argue that the records sought in the instant case were of the latter variety rather than the former since they were in fact made several months before the bankruptcy or any litigation arising out of it."

Appellants are in apparent agreement in respect of the applicable legal principles. They say:

"Obviously a client should not be able to immunize his records from subpoena simply by bundling them up and shipping them off to his attorney. Accordingly the Courts have held that certain records prepared in the normal course of business without regard to prospective litigation may be subpoenaed even when in the hands of the attorney. It is this line of cases on which the Referee and the District Court relied. They have, however, relied too far. They take the apparent position that *no* records whatsoever are privileged. The order appealed from makes no attempt to discriminate. It simply required that the Appellants produce all of their records relating to the Bankrupt."

Appellants indulge in a reckless and unfounded statement when they assert that the Referee and District Court " * * * take the apparent position that no records whatsoever are privileged," and they misread completely the order from which this appeal is taken when they state it "makes no attempt to discriminate." As shown above, the order of the Referee

recognizes and distinguishes the class of records entitled to the privilege from those covered by the subpoena which he found to be routine records made in the ordinary course of business rather than confidential communications between client and attorney. Professor Wigmore, as quoted in In re Klemann, 132 Ohio St. 187 at 192, 5 N.E.2d 492 at 495, 108 A.L.R. 505, states the law thus:

" * * * a document of the client existing before it was communicated to the attorney is not within the present privilege so as to be exempt from production. But a document which has come into existence as a communication to the attorney, being itself a communication, is within the present privilege." 5 Wigmore, Evidence, 2nd Ed., 67, § 2318. 58 Am.Jur. 281, § 501.

To the same effect is In re Keough, 151 Ohio St. 307, 314, 85 N.E.2d 550.

▮▮ It is a well settled principle that if the client may be compelled to produce documents in his possession then the attorney may be compelled to produce the same documents when they are in his custody. 8 Wigmore, Evidence, McNaughton Rev. 591, § 2307. If this were not so, then the client could always evade his duty to produce by placing the documents with his attorney. *Ibid.* There can be no doubt that if the records here in question were in the possession of The Commercial Credit Corporation and its vice president, they would be compelled to produce them. So far as the record shows, the documents sought by the subpoena are not privileged. Their possession by the attorney for the Appellants provides no immunity against production.

▮▮ The burden of appellants' argument in this Court seems to be that the Referee denied them the opportunity to designate specific records entitled to the protection of the privilege. The record does not sustain this argument. Indeed it is difficult even to suppose that a judicial officer who, as outlined above, exercised great care and thoroughness

in reaching his decision would deny any of the parties a full and fair opportunity to present evidence on any material aspect of the controversy. And it is not without significance that the appellants make no claim of having made an application to the Referee to consider whether some of the exhibits described in the subpoena were privileged.

In view of the above determination we do not reach the issue of waiver.

The judgment of the District Court is affirmed.