Roland W. RAMSDELL, Plaintiff, Appellant,

v.

G. H. COFFEY COMPANY, INC., a Vermont Corporation, Defendant, Appellee,

and

United States of America et al., Trustees, Appellees.

No. 80–1566.

United States Court of Appeals, First Circuit.

Submitted Sept. 5, 1980.

Decided Sept. 12, 1980.

Francis J. Hallissey, Machias, Maine, on memorandum in support of motion for stay pending appeal.

Thomas E. Delahanty, II, U. S. Atty. and James W. Brannigan, Jr., Asst. U. S. Atty., Portland, Maine, on memorandum in opposition.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

## MEMORANDUM AND ORDER

Appellant Ramsdell was granted a temporary stay of a district court order dismissing trustee process against appellees. Having reviewed the memoranda submitted by the parties on the question whether a "permanent" stay pending appeal should issue, we deny appellant's request for oral argument on this question, dissolve the temporary stay, and deny a permanent stay.

The primary reason for denying a further stay is that appellant has failed to establish a reasonable, much less substantial, likelihood of success on the merits of its appeal.[1] Appellant asserts that the Government has an equitable obligation under the Miller Act to see that subcontractors of government projects are paid and that, now that the Government is on notice that the contractor

---

1. There is even a question whether the district court's order dismissing trustee process is appealable, no final judgment having been entered in this case. Nevertheless, there is authority supporting review of the district court's order under the "collateral order" doctrine. *See Swift & Co. Packers v. Compania Colum-* *biana Del Caribe,* 339 U.S. 684, 688–89, 70 S.Ct. 861, 864–65, 94 L.Ed.2d 1206 (1950); *Chilean Line, Inc. v. United States,* 344 F.2d 757, 759 (2d Cir. 1965); 9 Moore's Federal Practice ' 110.13[5] (2d ed. 1980). For present purposes, we assume *arguendo* that the district court's order is appealable.

in this case has not paid appellant, the Government is obliged to serve as trustee of certain funds still due the contractor (or to implead the funds in the pending suit or turn them over to a receiver).

 Although there is authority for the proposition that a subcontractor has equitable rights under the Miller Act, *see United States Fidelity & Guaranty Co. v. United States*, 475 F.2d 1377, 1382–83 (Ct. Cl. 1973), it does not necessarily follow that appellant is entitled to subject the Government to trustee process, *see id.* at 1382, and appellant candidly admits to finding no precedent directly authorizing such action. Ordinarily, sovereign immunity bars attachment and garnishment of government funds, *e. g., Buchanan v. Alexander*, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846); *May Department Stores Co. v. Smith*, 572 F.2d 1275, 1276–77 (8th Cir.), *cert. denied sub nom. May Department Stores Co. v. Veterans Administration*, 439 U.S. 837, 99 S.Ct. 122, 58 L.Ed.2d 134 (1978), and an unpaid subcontractor's remedy under the Miller Act is a payment bond, *e. g., United States v. Munsey Trust Co.*, 332 U.S. 234, 241, 67 S.Ct. 1599, 1603, 91 L.Ed. 2022 (1947). We are unpersuaded that appellant could likely establish that the Government has waived its sovereign immunity in this situation and that appellant is entitled to use trustee process to obtain more protection than the payment bond offers. *Compare Kennedy Electric Co. v. United States Postal Service*, 508 F.2d 954, 957–60 (10th Cir. 1974).[2]

 Other reasons for denying a further stay are that the extent of irreparable harm to appellant is unclear and all of the equities do not seem to be on appellant's side. Although appellant will be irreparably harmed in the event it is not paid by the financially troubled contractor, it cannot recover the balance of what is owed in its suit against the contractor, and the payment bond is inadequate (as appellant alleges), it seems certain that appellant will be paid at least in part for its work, if only from the

payment bond (the limited amount of which must have been known to appellant at the outset). Moreover, if appellant is able to continue to tie up some $93,700 in government funds, others may be harmed, such as employees and other subcontractors of the contractor, and perhaps the Government itself. This possibility of harm to others is heightened by the fact that only $14,000 apparently remains unpaid on the particular contract on which appellant is subcontractor.

Like the district court, we can appreciate appellant's desire to obtain precedence over other potential claimants against the contractor. But because we cannot conclude that appellant is likely to succeed on appeal or that the equities of this case strongly favor preserving the status quo to assure the case will not become moot, we deny the request for a permanent stay pending appeal.

---

**2.** We do not reach the question whether trustee process is effective against appellees under Maine law.