Hart, J.
 

 The general rule is that a witness, especially when not a party to the controversy, may be required to testify upon any subject concerning which judicial inquiry is made and upon which he possesses specific personal information. To this general rule, there are certain well recognized exceptions. A witness may always claim as privileged that which tends to incriminate him. Article V, Amendments, U. S. Constitution, and Section 10, Article I, Constitution of Ohio.
 

 
 *350
 
 Also, under Section 11494, General Code, a witness who stands in either of several relationships named in the statute shall not testify, with certain exceptions, because the subject matter under the statute is privileged. See, generally,
 
 In re Martin, Jr.,
 
 141 Ohio St., 87, 47 N. E. (2d), 388;
 
 In re Hyde,
 
 149 Ohio St., 407, 79 N. E. (2d), 224;
 
 In re Keough,
 
 151 Ohio St., 307, 85 N. E. (2d), 550;
 
 Weis
 
 v.
 
 Weis,
 
 147 Ohio St., 416, 72 N. E. (2d), 245, 169 A. L. R., 668.
 

 Frye seeks to broaden the area of these privileges. In the first place, she claims that the papers and documents sought to be introduced in evidence through her.are her own personal property — work sheets and memoranda made by her, not as an employee but as an independent contractor in her private and confidential employment as a public accountant, from the private books and papers of her employer made at large expense to the latter; and that she should not be required to disclose this confidential information and to part with her property for attachment to an official court document.
 

 In support of her position she relies on the case of
 
 Ipswich Mills
 
 v.
 
 Dillon,
 
 260 Mass., 453, 157 N. E., 604, 53 A. L. R., 792. In that case, a corporation, to gain possession of certain documents, brought a suit in equity against certified public accountants who had been theretofore employed by it to make annual audits, prepare tax returns and statements for banks and to conduct a federal tax case before the Bureau of Internal Revenue. It appeared that there had been no special agreement between the parties as to the ownership of the documents. All the papers involved which were in the possession of the accountants were voluntarily produced by them at the trial, were examined by all the parties and were submitted to the trial court as evidence in the case. The court held that the public accountants were not the agents or servants of the
 
 *351
 
 corporation bnt were independent contractors and as snch owned and had a right to retain their work sheets and copies made by them of papers and documents of the corporation used in its business. In that case the papers were not under subpoena in the hands of the accountants to produce them in court. Doubtless they were subject to subpoena but this question was in no way before the court. The sole question determined was the ownership of the papers. Doubtless in a proper case a court will protect the owner of papers and documents so far as their custody is concerned by requiring the party calling for them for evidential purposes to make photostatic or other proper copies of the same so that the owner may retain the originals. Such an offer was made to Frye by the plaintiff in the instant case but the offer was rejected.
 

 A further claim is made by Frye that the papers and documents sought to be introduced in evidence are not the best evidence and are therefore incompetent. The answer to this claim is that it is not the function of the witness to pass upon the relevancy or competency of evidence to be offered in any court action. That is the function of the trial court.
 

 This question was decided by this court in
 
 In re Martin, Jr., supra,
 
 wherein this court held:
 

 “A witness who is not a party has no legal right, upon the taking of his deposition, to refuse to answer any question, upon the advice of his attorney, merely because the attorney believes that the testimony sought is irrelevant, incompetent or immaterial.” See, also,
 
 In re Hyde, supra.
 

 Furthermore, it is impossible, before the time of the trial of a case in which the deposition is taken, to determine what is the “best evidence,” as such determination depends upon other circumstances surrounding the case appearing at the time of trial.
 

 As a further reason for Frye’s refusal to again pro
 
 *352
 
 duee documents to be attached to her deposition, notwithstanding she had already produced and identified them, and notwithstanding they had already been introduced in evidence, she claims that by so producing them she may incriminate herself and possibly subject herself to a federal criminal prosecution, and to a possible revocation of her license as a certified public accountant. She predicates her claim in this respect on the provisions of Section 55 (f) (1), Title 26, U. S. Code, the pertinent parts of which are as follows:
 

 “It shall be unlawful * * * for any person to print or publish in any manner whatever not provided by law any income return, or any part, thereof or source of income, profits, losses, or expenditures appearing in any income return * * *.”
 

 This claim is necessarily based upon the assumption that the documents sought to be produced through the witness are federal tax returns or copies of the same. The deposition itself does not support this assumption. No income tax returns or copies of tax returns were offered in evidence. She testified on this subject only that she had made up tentative tax returns and had sent them to Meridian for it to execute and forward to the proper revenue collector. The record does not show any violation or proposed violation of the statute.
 

 Furthermore, there is no infraction of the statute involved in this proceeding. The latter part of the statute above quoted prohibits any person from printing or publishing
 
 tax returns
 
 or sources of income, profit, losses or expenditures
 
 appearing in any income
 
 return, in any manner “not provided by law.” This statute does not and could not legally inhibit the disclosure, as evidence in a proper judicial inquiry or where required by law, of the operative financial data relating to the business of a taxpayer, even though such data comprehends the elemental facts and information from which his income tax return is necessarily made
 
 *353
 
 up. The law could never sanction such a sweeping prohibition of disclosure of the essential facts of the business world. It must be evident that the statute in question has no such purpose or intent.
 

 This statute, penal in nature, must be strictly construed in favor of a witness called upon to testify concerning business transactions affecting a taxpayer. The court in the case of
 
 United States
 
 v.
 
 Baltimore Post Co.,
 
 2 F. (2d), 761, in construing this specific statute said:
 

 “To ‘publish’ is to make public; to make known to people in general. In the statute, it does not cover the private communication by one person to another. It is not synonymous with ‘communicate,’ as it may be in the law of libel or slander. Other provisions of the law made this clear.”
 

 Frye could not be guilty of any criminal intent and therefore is not amenable to the statute, under the circumstances here presented. She is called upon to make certain disclosures under the compulsion of court process. In so doing she is protected from criminal prosecution. 12 Ohio Jurisprudence, 69, Section 23.
 

 Finally, assuming there was no self-incrimination involved, there has been a complete waiver of any privilege on the part of Frye, if she ever had one, from testifying in the Saile action. She has already testified freely and without objection to all phases of the subject matter disclosed by the books of Meridian relating to the issues involved in the Saile action. In connection with her testimony she has identified all the exhibits sought to be attached to her deposition. It is now too late to refuse to allow them to be made a part of her deposition in regular course, especially since Saile is willing to reimburse her for any expense in producing copies of the exhibits to be used in lieu of the originals.
 
 Burke
 
 v.
 
 State,
 
 104 Ohio St., 220, 229, 135 N. E., 644; 42 Ohio Jurisprudence, 66, Section 52.
 

 
 *354
 
 Tn the absence of a privilege created by constitution or statute not to disclose available information, a witness may not refuse to testify to pertinent facts in a judicial proceeding merely because such testimony comprehends a communication or report from himself as agent to his principal or as independent contractor to his employer, no matter how confidential may be the character of the communication itself or the relationship between the parties thereto. See 146 A. L. R., 966. And where one possesses knowledge of facts which are pertinent to a judicial inquiry, he may be required to testify or to produce papers and documents as to such facts.
 

 In discussing this subject, 58 American Jurisprudence, 40, Section 32, states the rule as follows:
 

 “It is a general rule that a witness possessing knowledge of facts materia] to the vindication of the rights of another may be compelled by judicial process to appear and give evidence in behalf of that other party, notwithstanding the evidence thus coerced may uncover the witness’s private business. This rule is also generally held applicable when the information sought is contained in books and papers. Accordingly, it has been held that it is no ground for the refusal of a witness to produce books and papers, when required by lawful authority, that they are private. The duty of witnesses to disclose the details of their private business for the benefit of third persons, when required in the administration of justice, is one devolving on them as members of a civilized community.” See
 
 McMann
 
 v.
 
 Securities & Exchange Commission
 
 (C. C. A., 2), 87 F. (2d), 377, 109 A. L. R., 1445.
 

 Since a commissioner or notary public is not invested with the ultimate authority to pass upon the relevancy, competency or materiality of testimony taken before him on deposition
 
 (Ex parte
 
 Bevan, 126 Ohio St., 126, 184 N. E., 393), he
 
 *355
 
 may order the witness to answer any question, even though objection is made thereto, subject only to the exclusion of the testimony by the court when offered at .the trial. A witness refuses to answer any question at the risk of commitment for contempt, even though an answer would infringe any personal privilege or right granted by the Constitution or statutes of the state. If committed for contempt, the witness is entitled in a habeas corpus proceeding to have the relevancy and competency of the matters inquired about in taking his deposition determined by the court.
 
 In re Martin, Jr., supra.
 

 It must be recognized that this is cumbersome procedure with which to determine the rights and privileges of a witness whose deposition is being taken before a commissioner appointed by a court or before a notary public. In cases where the nature and subject matter of the testimony sought by deposition can be anticipated in advance of the taking of the deposition, a witness may protect himself from the enforced disclosure of privileged or harmful subject matter by an appeal to a court of equity where equitable principles may be applied in determining the specific rights of the witness.
 

 An attempt to follow this method of procedure was made in the Saile action, so far as the rights of Meridian were concerned, but the courts denied the remedy because the injunctive relief sought was either too broad or lacked merit, or both.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for proceeding's according to law, consistent with this opinion.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Matthias, J.T., concur.