Bell, J.
Appellant assigns as error here the order of the Common Pleas Court requiring Oliver to produce Standard Oil’s records of post-accident repairs and the denial by the Court of Appeals of the relief sought, without first examining the records to determine their relevancy in the litigation between Frey and Standard Oil.
We have here no question of privileged communications, as between physician and patient or lawyer and client, and no personal privilege such as that against self-incrimination. We are presented merely with the question of whether a witness may refuse on deposition to produce nonprivileged records, *127 upon the advice of his counsel that the records are not relevant to the litigation in which the deposition is taken.
The question is not new in Ohio. After some unfortunate vacillation, this court laid the question to rest in In re Martin, Jr., 141 Ohio St., 87. The opinion of Judge Charles S. Bell in that case reveals a thorough study of the prior decisions of this court, other courts throughout the country, and many of the widely accepted texts on the subject. Nothing could be added by repeating that review here. The rule, which has since been followed by this court in In re Frye, 155 Ohio St., 345 (paragraph three of the syllabus), is set out in paragraph four of the syllabus as follows:
“A witness who is not a party has no legal right, upon the taking of his deposition, to refuse to answer any question, upon the advice of his attorney, merely because the attorney believes that the testimony sought is irrelevant, incompetent or immaterial. (Paragraph four of the syllabus in Ex parte Schoepf, 74 Ohio St., 1; and In re Martin, Jr., 139 Ohio St., 609, overruled.)”
The appellant here has cited to us the following language from the opinion in In re Frye, supra:
“A witness refuses to answer any question at the risk of commitment for contempt, even though an answer would infringe any personal privilege or right granted by the Constitution or statutes of the state. If committed for contempt, the witness is entitled in a habeas corpus proceeding to have the relevancy and competency of the matters inquired about in taking his deposition determined by the court. In re Martin, supra.” (Emphasis added by the appellant.)
However, that language was not carried into the syllabus, and the citation of the Martin case as support therefor clearly shows the reason. Paragraph seven of the syllabus in the Martin case recites that a witness whose testimony is being taken by deposition for use in another state may refuse to answer any question, the answer to which would infringe any personal privilege granted by the Constitution or statutes of this state, and, if committed for contempt for such refusal, has the right to have the question of privilege determined by the Ohio courts in a subsequent habeas corpus proceeding. *128 There is no question here of personal privilege so far as Oliver is concerned.
Furthermore, the interpretation attempted to be given the above-quoted language from In re Frye, supra, is not consistent with the following language used by Judge Hart in that case:
“A further claim is made by Frye that the papers and documents' sought to be introduced in evidence are not the best evidence and are therefore incompetent. The answer to this claim is that it is not the function of the witness to pass upon the relevancy or competency of evidence to be offered in any court action. That is the function of the trial court.”
Then, following a citation to the Martin case, Judge Hart continued:
“Furthermore, it is impossible, before the time of the trial of a case in which the deposition is taken, to determine what is the ‘best evidence,’ as such determination depends upon other circumstances surrounding the case appearing at the time of trial.”
It is true, of course, that as a general rule evidence or proof of repairs made after an inquiry is not admissible as proof of negligence before such changes were made. But it is equally true that evidence of subsequent repair may be relevant if it tends to' establish the condition of equipment or premises at the time of the accident. To permit a witness called on a deposition to decide for himself whether the particular record may or may not be relevant would be subversive of all order in judicial proceedings. As said by Mr. Justice Roberts in Bevan v. Krieger, Sheriff, 289 U. S., 459:
“In Ohio, as generally elsewhere, the officer taking a deposition does not rule upon the competency or materiality of the evidence to the issues made by the pleadings. The witness’s testimony is taken subject to the reserved right to object to its admissibility at the trial. The right of objection and exclusion belongs to the parties, not to the witness.”
If the records pertaining to post-accident repair are irrelevant to the litigation between Frey and Standard Oil, Standard Oil can amply protect itself by objecting to their admission in the trial of such litigation.
*129 We do not conceive it to be our function here to determine whether the requested records are relevant, nor was it the function of the Common Pleas Court in the contempt proceeding or of the Court of Appeals in the habeas corpus action. Oliver contends that the Common Pleas judge or the Court of Appeals or both should have examined these records and determined the question of relevancy. Oliver was unwilling, however, to comply with the court’s order to submit those records to Prey’s counsel even at the time he requested the courts to examine them. Whether these records are relevant to the litigation between Prey and Standard Oil is a question to be determined by the judge presiding at the trial of that litigation and not by one presiding over a contempt proceeding growing out of a refusal to produce them upon the taking of a deposition or over a habeas corpus action testing the propriety of a contempt commitment.
It may be argued, and was so argued to us, that examination of these records or their required production on deposition gives an unwarranted advantage to counsel for Prey in the preparation and trial of his lawsuit against Standard Oil. With this argument we can not agree. If the records are not relevant, and the trial judge so rules, Standard Oil has in no way been hurt. They will be properly ruled out in the trial of the case. If they are considered to be relevant by the trial judge, they will be admitted in evidence, and such ruling of the court will be subject to review. In either event, Oliver, who is an employee at one branch of the Standard Oil Company and who is not a party to the litigation between his employer and Prey, is in no position to complain. On the other hand, an examination of the records only by the judge in the contempt proceeding or by the Court of Appeals in the habeas corpus proceeding would afford to the plaintiff in the underlying litigation no similar opportunity for review of a ruling by those courts that the records are not relevant.
Any discovery proceeding — and it must be conceded that pretrial depositions are in many instances fishing expeditions— has inherent in it the possibility of revealing information or data helpful to one side or another even though such information or data would be inadmissible in a subsequent trial.
*130 Any disadvantage to one party from another’s gaining such information is offset, however, by the possible advantage therefrom of arriving at the truth of the situation, which is, and must remain, the ultimate goal in determining the rights of parties in litigation.
The judgment is affirmed.

Judgment affirmed.

.Weygandt, C. J., Zimmerman, Taft, Matthias and O’Neill, JJ., concur.
Herbert, J., not participating.