STATE OF NORTH CAROLINA v. GARY TYSON HOWARD.

(Filed 12 January, 1968.)

**1. Automobiles § 113—**

    In this prosecution for manslaughter arising from the operation of an automobile, evidence of the State to the effect that the defendant was intoxicated at the time of the collision, together with an inference of high speed arising from the physical facts, *held* sufficient to be submitted to the jury on the issue of defendant's culpable negligence.

**2. Criminal Law § 82—**

    In a prosecution for homicide arising from the operation of an automobile, testimony of defendant's family physician that defendant was intoxicated at the time of the collision, *held* competent upon a finding by the court that the evidence was necessary to a proper administration of justice, G.S. 8-53, since such finding takes the evidence out of the privileged communications rule.

APPEAL by defendant from *Carr, J.*, September, 1967 Session, CHATHAM Superior Court.

The defendant, Gary Tyson Howard, was indicted for the crime of manslaughter. The State's evidence tended to show that Vander E. Farrell was killed in a motor vehicle accident on the public highway in Chatham County. On December 18, 1966, the deceased was a passenger in the rear seat of a 1956 Buick being driven by

Gary Tyson Howard. The vehicle struck the concrete abutment of a bridge across the highway, and broke in two pieces. The front half stopped 31 feet from the bridge. "The rear half was in the middle of the road between the two sides of the bridge. The tire marks began in the ditch on the right side of the road." There were tire pressure and skidmarks for 270 feet before the impact at the bridge. The tracks in the ditch indicate the car was sliding sideways. Vander E. Farrell was killed.

The investigating officer, highway patrolman Robert R. Russell, arrived at the scene of the accident at 4:40 a.m., shortly after it occurred. The body of Farrell "was lying two to three feet northwest of the bridge abutment." The officer arrested the defendant who was, in his opinion, under the influence of alcohol. The State called and examined Dr. K. M. Matthiesen, the defendant's family physician, who treated the defendant for the injuries he received in the accident. Dr. Matthiesen saw the defendant "on the early morning hours" before day on December 18, 1966. In the opinion of the witness, the defendant was under the influence of alcohol.

When the Solicitor examined Dr. Matthiesen, defense counsel objected without assigning any reason for the objection. The objection was overruled. Afterwards, when the Court ascertained the objection was based on the confidential relationship of doctor and patient, Judge Carr found the evidence of Dr. Matthiesen was necessary to meet the ends of justice and inserted the finding to that effect in the record.

The defendant did not offer evidence. Timely motions for directed verdict of not guilty were overruled. The jury found the defendant guilty of involuntary manslaughter. Judge Carr imposed a prison sentence of 3 to 5 years.

The defendant excepted and appealed.

*T. W. Bruton, Attorney General; Harrison Lewis, Deputy Attorney General; William F. Briley, Trial Attorney, for the State.*
*Harry P. Horton for defendant appellant.*

PER CURIAM. The State's evidence showing the defendant's intoxication and the inference of terrific speed arising from the physical facts make out a case of culpable negligence. *State v. Cope,* 204 N.C. 28, 167 S.E. 456. The motions for directed verdict were properly overruled.

The Court's finding, inserted in the record, that the evidence of the physician was necessary to a proper administration of justice, takes the physician's evidence out of the privileged communication

rule provided in G.S. 8-53. The time the finding is inserted in the record, under the facts here disclosed, is not deemed material.

No error.