THE STATE OF OHIO, APPELLEE, *v.* BOYSAW ET AL., APPELLANTS.

THE STATE OF OHIO, APPELLEE, *v.* BERRY ET AL., APPELLANTS.

THE STATE OF OHIO, APPELLEE, *v.* SPRINGER ET AL., APPELLANTS.

(Nos. 10322, 10332 and 10339—Decided June 23, 1987.)

*Lee C. Falke,* prosecuting attorney, *W. Anthony Loe* and *Mark B. Robinette,* for appellee.

*Miller, Finney & Clark* and *Jerome G. Menz,* for appellant Grandview Hospital & Medical Center.

BROGAN, J. The instant action involves three separate cases which have been consolidated for our consideration. The issue involved in the consolidated appeal is set forth in appellant's brief as follows:

"The court below erred as a matter of law upon overruling the motion to suppress the subpoena duces tecum and requiring Grandview Hospital & Medical Center to produce involuntarily the patient's hospital record, without authorization for the reason that the privilege created by Ohio

Revised Code Section 2317.02(B) requires the hospital to maintain the confidentiality of the patient's chart notwithstanding the subpoena duces tecum and notwithstanding the order of the court to submit the chart for in camera review by the trial court."

A brief factual summary of each case is warranted. In *State* v. *Boysaw,* case No. 10322, defendant, Alvin D. Boysaw, was involved in a single vehicle accident on Brandt Pike in Mad River Township. After the police arrived, defendant was transported to Grandview Hospital, where a blood-alcohol test was performed as a part of care and treatment. Defendant was subsequently charged with driving under the influence of alcohol and a subpoena duces tecum was issued to Grandview Hospital commanding the records officer to appear with the results of defendant's blood-alcohol test. Grandview filed a motion to quash the subpoena based on the physician-patient privilege created by R.C. 2317.02(B). On December 31, 1986, the court overruled the motion. A notice of appeal was then filed on behalf of Grandview Hospital on January 22, 1987.

In *State* v. *Berry,* case No. 10332, the defendant, Ronny K. Berry, was indicted along with Andre Pendleton for one count of felonious assault. A subpoena duces tecum was issued to Grandview Hospital seeking production of the medical records of Mark Anthony McMichaels, the alleged victim of the assault. On January 20, 1987, Grandview moved to quash the subpoena. Said motion was overruled on February 3, 1987 and Grandview filed a timely notice of appeal therefrom.

In *State* v. *Springer,* case No. 10339, defendant, Geneva Ann Springer, was indicted on December 2, 1986 for one count of voluntary manslaughter. A subpoena duces tecum was issued to Grandview Hospital for the production of the medical records of Lawrence Brewer, the alleged victim of the homicide. On December 17, 1986, Grandview filed a motion to quash the subpoena, which was subsequently overruled. Grandview timely filed a notice of appeal.

Preliminarily, we note that a guilty plea was entered in *State* v. *Springer* on February 17, 1987, and *State* v. *Berry* was dismissed upon motion by the prosecutor on February 20, 1987. Consequently, we find these appeals to be moot. It is well settled that where, by a change of circumstances pending an appeal, the questions which would be presented to the appellate court have become purely academic or abstract, the proceeding will ordinarily be dismissed. It is not the duty or the responsibility of the court to answer moot questions. *Miner* v. *Witt* (1910), 82 Ohio St. 237, 92 N.E. 21; see generally, 4 Ohio Jurisprudence 3d (1978) 861, Section 478, and 5 American Jurisprudence 2d (1962) 205, Section 763.

Therefore, our consideration of the present appeal is confined to the *State* v. *Boysaw* case.

R.C. 2317.02 provides in pertinent part:

"The following persons shall not testify in certain respects:

"* * *

"(B) A physician concerning a communication made to him by his patient in that relation or his advice to his patient but the physician may testify by express consent of the patient * * *."

In Ohio, the general evidentiary rule favors the competency of witnesses, and no witness may claim a privilege to obstruct the receipt of relevant evidence unless a statute or case law otherwise provides. *In re Frye* (1951), 155 Ohio St. 345, 44 O.O. 320, 98 N.E. 2d 798. Moreover, the common law traditionally extended no testimonial privilege to the physician-

patient relationship. *In re Loewenthal* (1956), 101 Ohio App. 355, 357, 1 O.O. 2d 302, 303, 134 N.E. 2d 158, 160. Consequently, the privilege set forth in R.C. 2317.02(B) is in derogation of the common law and must, therefore, be strictly construed against the person asserting it. *Weis* v. *Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E. 2d 245; *In re Roberto* (1958), 106 Ohio App. 303, 307, 7 O.O. 2d 63, 66, 151 N.E. 2d 37, 39. Cf. *State* v. *Halleck* (1970), 24 Ohio App. 2d 74, 81, 53 O.O. 2d 195, 199, 263 N.E. 2d 917, 922.

The purpose of the privilege is to encourage patients to make a full disclosure of their symptoms and conditions to their physician without fear that such matters will later become public. However, the patient's interest in having his condition remain confidential must be balanced against the public's interest in detecting crimes in order to protect society. *State* v. *Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.

Our research has revealed two reported appellate cases wherein the courts have held that the physician-patient privilege may not be invoked to exclude evidence tending to prove that a person was driving while intoxicated. In *State* v. *Dress* (1982), 10 Ohio App. 3d 258, 10 OBR 372, 461 N.E. 2d 1312, defendant was involved in a single-vehicle accident and was taken by ambulance to St. Luke's Hospital. A blood-alcohol test was performed on the defendant during the course of a physical examination in the hospital emergency room. Defendant was subsequently cited for operating a motor vehicle while under the influence of alcohol.

Defendant sought to prohibit the prosecution from using the hospital records containing the results of his blood-alcohol test at trial. The court denied defendant's motion *in limine* and he was found guilty of the charges.

On appeal, the Lucas County Court of Appeals affirmed. Judge Wiley speaking for the court stated:

"We concede that the law, to a *reasonable* degree, should encourage a frank and uninhibited flow of information between doctor and patient by protecting their private, confidential communications. However, the privilege is not absolute and must yield when the public interest outweighs the policy considerations supporting the privilege. This is especially so in the context of a prosecution for the offense of driving while intoxicated. To allow the privilege to be invoked so as to exclude evidence tending to prove that appellant was driving while intoxicated would be against the public interest and would not serve the purpose of R.C. 2317.02(B). The privilege was not designed to operate in this manner, nor will we sanction such use." *Id.* at 261-262, 10 OBR 376, 461 N.E. 2d at 1317.

In *State* v. *Tu* (1984), 17 Ohio App. 3d 159, 17 OBR 291, 478 N.E. 2d 830, the court was faced with a factual situation similar to that presented in *Dress, supra.* Defendant had been removed to a hospital after an automobile accident and a blood sample was taken for medical diagnosis and treatment purposes. The test was subsequently admitted at defendant's trial for driving while intoxicated.

On appeal from the conviction, the Wood County Court of Appeals stated that the privilege must yield to competent evidence of conduct the law defines as criminal. *Id.* at 163, 17 OBR at 295, 478 N.E. 2d at 834. The court also stated:

"In the context of a criminal prosecution for driving while intoxicated (and related crimes, see, *e.g.,* newly enacted R.C. 4511.19[A][3], driving with a specified concentration of alcohol), there is a further point to be made. By tendering a plea of 'not guil-

ty' to the offense charged, appellant thereby placed in issue each essential element, including (obviously) the element requiring proof of his intoxication. In other words, his plea of 'not guilty' put his *physical condition* in issue. Yet, in asserting his physical condition as an element of the crime, an element to be proven beyond a reasonable doubt, appellant is simultaneously seeking to invoke an evidentiary privilege to preclude the prosecution from establishing precisely that element. This is patently unfair to a party already bearing extremely heavy burdens of proof and persuasion. In so-called 'drunk driving' cases, evidence of the defendant's blood-alcohol test, if otherwise competent, is exceedingly relevant — indeed, vitally necessary — to proof of guilt. To allow the privilege to suppress that evidence would be to thwart the state's ability to offer *the best evidence* of guilt; it would, moreover, permit a defendant to evade the penalties therefor with impunity." *Id.*

The *Dress* and *Tu* cases express the rule followed in the Sixth Appellate District. See, *Tu, supra,* at 164, 17 OBR at 295, 478 N.E. 2d at 834, fn. 2. Furthermore, the Eighth Appellate District, citing *Dress* and *Tu,* adopted the Sixth Appellate District's reasoning in an action where a defendant's blood-alcohol test results were used against him in the prosecution of an aggravated vehicular homicide charge. See *State* v. *Kevlich* (1986), 33 Ohio App. 3d 240, 515 N.E. 2d 652.

We also find the Sixth District's reasoning persuasive. Recently, courts have begun questioning the applicability of the physician-patient privilege in criminal cases on the grounds that the privilege operates to exclude relevant evidence at trial. See, generally, Annotation (1966), 7 A.L.R. 3d 1458; Tarantino, Defending Drinking Drivers (2 Ed. 1986), Sections 580 *et seq.*

Some decisions have abrogated the physician-patient privilege and the medical-record confidentiality privilege on the grounds that the proper administration of justice requires the disclosure of either the communication or the medical test results. See *State* v. *Howard* (1968), 272 N.C. 519, 158 S.E. 2d 350; *State* v. *Bryant* (1969), 5 N.C. App. 21, 167 S.E. 2d 841; *State in Interest of M.P.C.* (1979), 165 N.J. Super. 131, 397 A. 2d 1092. Other jurisdictions reason that the physician-patient privilege was not designed to act as a shield behind which the patient could take refuge. See *State* v. *Dist. Court of Linn Cty.* (Iowa 1974), 218 N.W. 2d 641.

Another approach taken by courts is to rely on the specific wording of the statute extablishing the physician-patient privilege. Many state statutes prohibit a physician's testimony "in all *civil* actions." Such language suggests the legislature intended the privilege to be inapplicable in criminal matters. See *State* v. *Bounds* (1953), 74 Idaho 136, 258 P. 2d 751; *Schade* v. *State* (Alaska 1973), 512 P. 2d 907; *People* v. *Bennett* (1976), 60 Cal. App. 3d 112, 131 Cal. Rptr. 305.

The Ohio statute which embodies the physician-patient privilege, R.C. 2317.02(B), is worded in such a manner as to indicate no intention that the privilege is limited to civil proceedings. However, our legislature could not have intended for the statutory privilege to hold steadfast where the public interest is acute and the narrow policy considerations offered in support of the privilege will not be furthered. In the context of a drunk driving action, the balance leans more favorably toward allowing accessibility and use of blood-alcohol test results.

Accordingly, we affirm the trial court's judgment overruling Grandview Hospital's motion to quash the subpoena duces tecum in case No.

10322. The appeals in case Nos. 10332 and 10339 are dismissed.

*Judgment affirmed in case No. 10322. Appeals dismissed in case Nos. 10332 and 10339.*

KERNS, P.J., and WOLFF, J., concur.