OPINION
{¶ 1} This appeal is brought by the Montgomery County Coroner's Office from an order of the domestic relations division of the court of common pleas. The order denied a motion the Coroner's Office had filed, asking the court to quash a subpoena duces tecum served on it. The subpoena required the Coroner's Office to produce records concerning its investigation of the death of an infant, Jansen Myers. The subpoena was served in a post-decree custody proceeding at the request of the deceased child's mother, Melissa A. Myers. The proceeding concerns the question of which of the divorced parents should have custody of their surviving child, Brian Myers, after a shared parenting agreement to which they had agreed was terminated. Temporary custody was awarded to his father, Bryan Myers, during the pendency of the post-decree proceeding.
 {¶ 2} The Coroner's Office has ruled that Jansen Myers' death was a homicide, consistent with the shaken baby syndrome. A suggestion apparently was made in the underlying custody action that his mother, Melissa Myers, is somehow culpable. She sought the information requested in the subpoena to rebut the suggestion.
 {¶ 3} The subpoena was issued pursuant to Civ.R. 45. The Coroner's Office then sought to quash the subpoena, arguing that the records requested are exempt from the subpoena process pursuant to R.C. 149.43, the Public Records Act. A hearing was held on the motion, after which the magistrate decided that the several exceptions to release of the records on which the Coroner's Office relied have no application to the records that were subpoenaed. The magistrate's decision was adopted by the trial court on the date it was filed, March 27, 2002, pursuant to Civ.R. 53(E)(4)(c).
 {¶ 4} The Coroner's Office filed a motion asking the court to reconsider its order. Melissa Myers filed a motion contra. The domestic relations court had not ruled on the motions when, on April 26, 2002, the Coroner's Office filed a notice of appeal from the order denying its motion to quash.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO QUASH SUBPOENA FILED BY THE CORONER'S OFFICE, BECAUSE THE RECORDS REQUESTED ARE EXEMPT FROM THE PUBLIC RECORDS LAW.
 {¶ 6} "1. THE RELEASE OF THE REQUESTED RECORDS WOULD CREATE A HIGH PROBABILITY OF DISCLOSURE OF THE IDENTITY OF AN UNCHARGED SUSPECT.
 {¶ 7} "2. THE RELEASE OF THE REQUESTED RECORDS WOULD CREATE A HIGH PROBABILITY OF DISCLOSURE OF SPECIFIC CONFIDENTIAL INVESTIGATORY TECHNIQUES OR PROCEDURES OR SPECIFIC INVESTIGATORY WORK PRODUCT.
 {¶ 8} "3. THE TISSUE SAMPLES, SLIDES, AND OTHER PHYSICAL EVIDENCE REQUESTED BY SUBPOENA ARE NOT `RECORDS' AND THEREFORE NOT DISCLOSABLE UNDER THE PUBLIC RECORDS LAW OR CRIM.R. 16."
 {¶ 9} The appellate jurisdiction of this court is limited to review of final orders and judgments. General Acc. Ins. Co. v. InsuranceCo. of North America (1989), 44 Ohio St.3d 17. Generally, an order denying motion to quash a subpoena is not a final, appealable order. Inre Coastal Petroleum, Inc. (1972), 32 Ohio St.2d 81.
 {¶ 10} Previously, and on the basis of a response the Coroner's Office filed to our order to show cause, we held that the order from which this appeal was taken is a final, appealable order. We so held on a finding that, In re Costal Petroleum, Inc., notwithstanding, and even though the Coroner's Office is a non-party in the custody proceeding, the order is final and appealable because the Coroner's Office has no recourse other than to appeal. We relied on Foor v. Huntington NationalBank (1986), 27 Ohio App.3d 76, to so hold.
 {¶ 11} Our further review of this matter has revealed other difficulties, however. The domestic relations court adopted its magistrate's decision as the court's own order, pursuant to Civ.R. 53(E)(4)(c). The court designated the order as final and appealable. The court also advised the parties that, absent timely objections, the magistrate's decision would be the court's permanent order and that, absent objections, a party may not assign as error on appeal a finding of fact or conclusion of law contained in the court's order.
 {¶ 12} No "objections" to the decision were filed. Absent timely objections, the error is waived. Civ.R. 53(E)(3)(b). The Coroner's Office did file a motion for reconsideration. In this case the motion, which was timely filed within fourteen days after the court's order adopting the decision and which challenges the findings and conclusions in the decision, can function as objections. However, the court didn't rule on the motion/objection before the notice of appeal was filed. Unless and until the court rules on objections to a magistrate's decision, no final order of the court exists for purposes of appeal. Weitz v. Paulik (July 13, 1998), Stark App. No. 98CA0035.
 {¶ 13} We find that we lack jurisdiction to determine this appeal because it was not taken from an order that is final and appealable. Therefore, we must dismiss. Even if the order was final and appealable, however, the record before us would be insufficient to resolve the issues presented.
 {¶ 14} The subpoena the Coroner's Office moved to quash was issued pursuant to Civ.R. 45. Division (F) of that rule states: "Nothing in this rule shall be construed to authorize a party to obtain information protected by any privilege recognized by law, or to authorize any person to disclose such information." Evid.R. 501 states: "The privilege of a witness, person, state or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience."
 {¶ 15} Statutory privileges are granted to those communications identified in R.C. 2317.02, which generally encompass the common law privileges. Further, the privilege against self-incrimination is guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. A witness may not refuse to testify in a judicial proceeding in the absence of a privilege created by constitution or statute. In re Frye (1951), 155 Ohio St. 345.
 {¶ 16} R.C. 149.43, the Public Records Act, requires public offices to make public records in their custody available for inspection and to provide copies thereof upon request. Paragraph (A)(1(a)-(v) of that section creates numerous exceptions to the requirement by limiting the definition of a "public record" in the circumstance involved. The Coroner's Office argues, in essence, that these exceptions are the equivalent of a privilege for purposes of Evid.R. 501 and Civ.R. 45(F), and therefore require the court to quash the subpoena that was issued. However, those statutory exceptions are not "privileges," as such, and by their terms apply when a request is made pursuant to a Public Records Act. Whether they should be extended to apply to a subpoena issued pursuant to Civ.R. 45 is an open question, and the legal issue involved here.
 {¶ 17} The Coroner's Office contends that not only does R.C. 149.43
create a legal exception to the court's subpoena power, but also that the particular records requested fit within several of those exceptions. Those arguments are referenced in its assignment of error, above. The magistrate and the trial court denied its motion to quash because the Coroner's Office had only asserted the exceptions but not shown how those exceptions apply to the particular records requested. That would require some form of evidentiary process to more specifically identify and examine the records, a process that the court didn't employ. As a result, we have no way of resolving the issue because we do not have those records before us, even in sealed form, to determine whether and how the exceptions to the Public Records Act apply to them.
 {¶ 18} R.C. 149.43(C) authorizes a person who is aggrieved by a failure to disclose a public record to commence a mandamus action to require disclosure. A mandamus action is an original action that may be commenced in the court of common pleas, in this court, or in the Supreme Court. It is well-suited to evaluate the claims involved, protect information that should remain confidential, and provide prompt relief.
 {¶ 19} An action on a petition for a writ of prohibition is likewise an original action that may be filed in this court or in the Supreme Court. Article IV, Sections 2 and 3, Ohio Constitution. A writ of prohibition permits the court that grants the writ to limit or restrict a lower tribunal from taking some contemplated action when three things are shown: (1) that the court or officer against whom the relief is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ would result in an injury for which there is no adequate remedy in the ordinary course of law. State ex rel Fraternal Order of Police v.Dayton (1977), 49 Ohio St.2d 219.
 {¶ 20} With respect to the first of those factors, the domestic relations division is a court and the judge or clerk who issues the subpoena is an officer of the court. The subpoena constitutes an exercise of judicial power, though one that has already taken place. A writ of prohibition could prevent the court from enforcing its subpoena through contempt proceedings for failure to comply.
 {¶ 21} Going to the third factor, and as we previously held, the Coroner's Office has no adequate remedy in the ordinary course of law to avoid the injury it complains of, which cannot be avoided if its records are disclosed in this custody proceeding. We held that the rule of Foor
might offer some relief by way of an appeal, but the impracticalities of that process are evident. Further, in Foor, there was no question that the subpoena was authorized by law. The only question was whether, as a matter of policy, the subpoena should be subject to conditions that would protect an attorney's security interest in his papers by requiring the former client who caused the subpoena to issue to post security in the amount of the unpaid fees. Here, there is no request for such a condition; instead, an absolute exception is asserted.
 {¶ 22} The question presented here involves the issue involved in the second of three factors, which is whether the domestic relations court's enforcement of its subpoena is unauthorized by law. The Coroner's Office claims that it is, relying on the exceptions to requests for disclosure under the Public Records Act. We have discussed that question, and while we express no view concerning its merits we believe that the issue it presents squarely fits within the second of the three requirements for a writ of prohibition set out above.
 {¶ 23} A proceeding on a writ of prohibition would have several practical advantages over the procedure that was followed here, in the custody action. First, custody would not be in issue. Second, the materials concerned can be submitted under seal and reviewed in camera, if the Public Records Act exceptions are held to apply to a Civ.R. 45 subpoena. Third, the domestic relations division court itself would be the respondent, permitting the legal issue to be more squarely defended. Fourth, prompt relief is available.
 {¶ 24} We encourage the Coroner's Office to consider an action on a petition for a writ of prohibition as a way of resolving the factual and legal issues it presents, as well as obtaining relief in the most expeditious fashion. We would consider a request for an injunction to prohibit the domestic relations court from proceeding while the action is pending.
 {¶ 25} This appeal will be dismissed for lack of a final, appealable order.
WOLFF, P.J. and FAIN, J., concur.